CRANE et al., Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.

[Cite as *Crane v. State Farm Mut. Auto. Ins. Co.* (1989), 62 Ohio St.3d 644.]

Court of Appeals of Ohio,
Lucas County.

No. L–88–238.

Decided April 28, 1989.

*Stuart F. Cubbon,* for appellants.

*Cormac DeLaney,* for appellee.

ABOOD, Judge.

This is an appeal of a declaratory judgment entered by the Lucas County Court of Common Pleas upon the cross-motions for summary judgment of plaintiffs-appellants and defendant-appellee.

Appellants set forth the following assignments of error:

"A. [I.] The trial court erred in finding that the 'each person' limit of Appellants' underinsured motorist coverage is not available for both the direct claim of Darrell Crane and the derivative claim of his parents.

"B. [II.] The trial court erred in failing to require the set off of third-party liability recovery as against the Appellants' underinsured motorists coverages separately and successively, as opposed to collectively."

The undisputed facts giving rise to this appeal are as follows. On June 1, 1985, appellant Darrell Crane, a minor, was struck by an automobile driven by Timothy Hacker and, as a result thereof, was seriously and permanently injured. Hacker was insured under a policy of liability insurance issued by Nationwide Insurance Company which contained limits of $100,000 per person and $300,000 per occurrence. Appellants were insured under a policy issued by appellee, State Farm Mutual Automobile Insurance Company, which provided for underinsured motorist coverage with limits of $100,000 per person and $300,000 per occurrence. Appellants received the $100,000 limit from Nationwide and an additional $7,500 from Hacker personally in settlement of their claims. Of that $107,500, $23,800 was allocated to appellants William and Kathleen Crane, Darrell's parents, and the remaining $83,700 was allocat-

ed to appellant Darrell Crane's guardianship. Appellants William and Kathleen Crane then submitted claims for underinsured motorist coverage to appellee which consisted of a representative claim for Darrell's personal injuries and their individual derivative claims for medical expenses and wage loss incurred as a result of Darrell's injuries. Appellee denied their claims.

On March 9, 1987, appellants filed a complaint for declaratory judgment against appellee to determine their rights to coverage under the underinsured motorist provision of their policy and on June 22, 1987, appellee filed its answer. Thereafter, the parties filed cross-motions for summary judgment on the issue of coverage raised in appellants' complaint. In its opinion and judgment entry filed March 11, 1988, the trial court, relying on *Auto Owners Mut. Ins. Co. v. Lewis* (1984), 10 Ohio St.3d 156, 10 OBR 490, 462 N.E.2d 396, denied appellee's motion for summary judgment and granted appellants' motion for summary judgment, finding that appellants William and Kathleen Cranes' representative claim for personal injuries sustained by their son, and their individual claims for medical expenses incurred on his behalf, constituted two separate and distinct causes of action and therefore each claim was entitled to full coverage under the policy issued by appellee. The trial court held that the $100,000 policy limit was available for each claim. The trial court also found that since the amounts received from the tortfeasor's insurance for each claim were less than the limits of liability in the policy issued by appellee, appellants were entitled to underinsured motorist coverage for each claim subject to the applicable limits and less a setoff for the amounts already received from the tortfeasor's policy. The trial court's opinion of March 11, 1988, was subsequently clarified at appellants' request by a supplemental judgment entry filed April 8, 1988, wherein the trial court reiterated that the matter gives rise to two separate causes of action, both of which are entitled to full coverage under the policy subject to the applicable limit and less a setoff for amounts already received.

On April 8, 1988, appellee filed its notice of appeal from the opinion and judgment entry dated March 11, 1988. On May 6, 1988, appellants filed their notice of cross-appeal from the supplemental judgment entry entered April 8, 1988. On April 18, 1988, with the appeals pending, appellee filed a motion for relief from judgment in the trial court on the grounds that the decision on which the trial court based its decision, *Auto Owners Mut. Ins. Co. v. Lewis, supra,* had recently been reversed by *Dues v. Hodge* (1988), 36 Ohio St.3d 46, 521 N.E.2d 789. Appellee requested that the court revise its prior judgment entries to limit its liability to $100,000 pursuant to *Dues, supra.* The trial court initially denied appellee's motion because of a lack of jurisdiction due to the pending appeal. Thereafter, upon the motion of appellee, this court remanded the matter to the trial court to determine the motion. On July 6,

1988, the trial court, following *Dues, supra,* rendered a decision and judgment entry which modified its prior opinion and judgment entries by limiting appellee's potential liability to a total of $100,000 rather than $100,000 for each of two claims. Subsequently, appellee dismissed its appeal and this court dismissed appellants' cross-appeal. On August 2, 1988, appellants filed the instant appeal from the July 6, 1988 decision and judgment entry.

In their first assignment of error appellants argue that the trial court erred in finding that the "each person" limit of underinsured motorist coverage was not available for both Darrell's direct claim and his parents' derivative claim.

In support of this assignment of error, appellants argue that the *Dues* decision, upon which the trial court based its finding, is distinguishable from this case in that *Dues* involved uninsured as opposed to underinsured motorist coverage. Appellants submit that *Dues* should not be applied herein since its application results in an injustice by depriving them of the benefits of the premiums paid to appellee and allowing appellee to avoid its obligations to them. Finally, appellants argue that the decision in *Dues* violates the legislative mandate imposed by R.C. 3937.18 regarding the offering of uninsured and underinsured motorist coverage and therefore *Dues* must be overruled and the holding of *Auto Owners* must be reapplied. In support of their assertions, appellants cite *Wood v. Shepard* (1988), 38 Ohio St.3d 86, 91, 526 N.E.2d 1089, 1093–1094, wherein the Supreme Court of Ohio held that each person entitled to recover for a wrongful death pursuant to R.C. 2125.02, and who is an insured under the underinsured motorist provision of a policy, has a separate and distinct claim, which claims may not be made subject to the single person limit of liability in that insurance provision. The *Wood* court reasoned that attempts to limit coverage to the single person limit of liability clearly frustrate the purpose of R.C. 3937.18. *Wood,* 38 Ohio St.3d at 91, 526 N.E.2d at 1093. Appellants argue that such reasoning should be applied in this case.

Appellee argues that the language contained in its policy limiting the benefits payable to appellants under the underinsured motorist provision to a single limit of $100,000 is recognizable and enforceable in Ohio under *Dues, supra,* and comports with R.C. 3937.18. Appellee argues further that appellants' attempted distinction of *Dues* is without merit, and that since reasonable limitations of coverage are valid in underinsurance provisions as well as uninsurance provisions, *Dues* is controlling. Finally, appellee argues that *Wood, supra,* cannot be applied herein as that decision concerns statutory wrongful death claims as opposed to a claim for bodily injury.

The pertinent provision of the insurance policy issued by appellee provides as follows:

"2. UNINSURED MOTOR VEHICLE—COVERAGE U.

"Coverage U.

"a. Who Is An Insured.

"Item 5. is deleted.

"b. Limits of Liability.

"Item 1. is replaced by the following:

" '1. The amount of coverage is shown on the declarations page under "Limits of Liability—U—Each Person, Each Accident". Under "Each Person" is the amount of coverage for all damages, including damages for care and loss of services, arising out of and due to *bodily injury* to one *person*. Under "Each Accident" is the total amount of coverage, subject to the amount shown under "Each Person", for all such damages arising out of and due to *bodily injury* to two or more *persons* in the same accident.' " 6890 AW amendment of policy provisions.

The trial court in this case originally found that despite the above provision, appellants' claims constituted two separate and distinct causes of action, and that each claim was entitled to full coverage under the policy, in accordance with *Auto Owners, supra*. *Auto Owners* contained facts very similar to those of this case and involved representative and derivative claims for coverage as a result of injury to a minor by an uninsured tortfeasor. The Supreme Court of Ohio held that where separate and independent causes of action arise from injuries caused by an uninsured motorist, and the injuries were covered under the uninsured motorist provision, the policy limits applicable to the uninsured motorist provision are available to each cause of action. *Auto Owners*, 10 Ohio St.3d at 161, 10 OBR at 494, 462 N.E.2d at 401. Almost simultaneously with the trial court's decision of March 11, 1988, in this case, however, that holding of *Auto Owners* was specifically overruled by the Supreme Court of Ohio in *Dues v. Hodge, supra*. *Dues* also involved direct and derivative claims for recovery arising out of injury to a minor by an uninsured motorist. The *Dues* court held that the provisions of an insurance policy that limit recovery for all causes of action arising out of bodily injury to one person to a single limit of liability were valid restrictions of uninsured coverage. *Dues*, 36 Ohio St.3d at 49, 521 N.E.2d at 793. In so holding, the *Dues* court reasoned that R.C. 3937.18(A)(1) does not indicate an intent to override reasonable limitations on the amount of coverage available for each accident. *Id.*

As to appellants' reliance on *Wood v. Shepard, supra*, that decision concerns only statutorily prescribed claims for wrongful death, as opposed to claims arising out of bodily injury. The *Wood* court itself expressly distin-

guished *Dues* on that basis. Upon consideration of the Supreme Court's decision in *Dues*, we find that there is no basis for a determination other than that the reasoning and holding of *Dues* is equally applicable to underinsured motorist coverage and is controlling in this case.

Accordingly, we find that the trial court did not err in applying the *Dues* decision in its consideration of appellee's motion for relief from judgment and therefore appellants' first assignment of error is found not well taken.

In their second assignment of error, appellants assert that the trial court erred in that it failed to require that the setoff of the third-party recovery against appellants' underinsured motorist coverage be separate and successive, as opposed to collective. In support of this assignment of error appellants argue that although the trial court held in its March 11, 1988 decision that they were entitled to underinsured motorist coverage, appellee has denied any obligation to them based upon the July 6, 1988 decision which limited its liability to $100,000 and the setoff provisions of the insurance policy. Appellants contend that the setoff of the amounts received by the tortfeasor must be applied separately and successively as to each insured. Specifically, appellants urge that the $83,700 awarded to Darrell Crane be set off separately from the $100,000 underinsured coverage limit, entitling him to $16,300 of underinsurance coverage, and the $23,800 awarded to William and Kathleen Crane be set off separately from the $100,000 underinsured coverage, entitling them to $76,200 of underinsurance coverage.

Appellee, however, does not directly address this issue of how to apply its right to setoff but rather asserts that the issue raised by appellants' second assignment of error is whether or not appellants are underinsured at all and even have a claim for coverage that is subject to setoff.

▪ The issue that is before this court on this assignment of error is whether appellants' recoveries from the tortfeasor are to be set off from their underinsurance coverage collectively, or separately and successively as to each insured.

The trial court, in its decision and judgment entry of March 11, 1988, and its supplemental judgment entry of April 4, 1988, held that appellants were entitled to underinsured motorist coverage for both claims, subject to the applicable limits less a setoff for the amounts already received from the tortfeasor. In its decision and journal entry of July 6, 1988, the trial court reduced appellee's liability for underinsured motorist coverage to $100,000 but did not disturb its other findings. In none of these judgment entries, however, did the trial court set forth the manner in which the setoff was to be applied. In support of their argument for a separate and successive setoff as

opposed to a collective setoff, appellants rely on R.C. 3937.18 and *Zelko v. Parsons* (1985), 29 Ohio App.3d 302, 29 OBR 400, 505 N.E.2d 271.

In *Zelko,* the Court of Appeals for Cuyahoga County found that the amounts received by each of three insureds from the tortfeasor could be set off separately and successively as to each insured from the total limit of liability of their underinsured motorist coverage as long as the total amount paid to the insureds did not exceed the limits of their coverage. *Id.* at 305, 29 OBR at 403–404, 505 N.E.2d at 274–275.

In this case, the language of the insurance policy and the *Dues* decision require that appellants' claims for underinsured motorist coverage be subject to a single limit of liability, $100,000. If this court were to determine that the amounts already received by appellants from the tortfeasor should be set off separately and successively as to each insured from that single limit, such a determination would be inconsistent with the holding in *Dues* and this court's finding as to the first assignment of error herein.

In accordance with the foregoing and this court's discussion and findings as to appellants' first assignment of error, we find that the total amount already received by appellants from the tortfeasor must be set off collectively from the $100,000 single limit of liability and, therefore, appellant's second assignment of error is found not well-taken.

Upon consideration whereof, the court finds substantial justice has been done the parties complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellants pay the court costs of this appeal.

*Judgment affirmed.*

HANDWORK, P.J., and GLASSER, J., concur.