**Haukedahl v. Farmers Insurance
of Columbus
Case No. L-89-101
Lucas (6th)
Decided February 9, 1990**
[Cite as 1 AOA 223]

This matter is before the court on appeal from the March 15, 1989 judgment of the Lucas County Court of Common Pleas. Appellant Jacqueline J. Haukedahl brought this declaratory judgment action to determine her rights under an insurance policy issued by appellee Farmers Insurance of Columbus, Inc.

On appeal, appellant asserts a single assignment of error which states as follows:

"The trial court erred in finding that Defendant insurance company's maximum obligation under Plaintiff's insurance policy is Two Hundred Fifty Thousand Dollars ($250,000.00) for all causes of action, including Plaintiff's action for loss of the services of her minor son and for his future medical expenses, arising out of bodily injury sustained by the minor son in the collision with an uninsured motorist."

The facts in this case were stipulated to by the parties. On June 27, 1987, appellant and her son were involved in an automobile accident. The negligent driver was uninsured. Appellant carried uninsured motorist coverage with appellee. The policy provided coverage of $250,000 per person up to $500,000 per accident. Appellant suffered some bodily injury which appellee is willing to provide coverage for. Appellant's son also suffered bodily injury and appellee settled his claim at the per person policy limit. Appellant seeks to recover, in addition to her own bodily injury claim, for the loss of the services of her son and for his future medical expenses. Appellee asserts that this claim is derivative of the son's bodily injury claim and, pursuant to the policy's provisions, is included within the limit for each person who suffers bodily injury in any one accident. Since appellee has already paid out the maximum amount of coverage for the son's bodily injury claim, it refuses to pay appellant an additional sum for her claim.

The trial court granted summary judgment in this case relying on *Dues* v. *Hodge* (1988), 36 Ohio St. 3d 46. That case held that a single limitation on coverage for all claims arising out of the injury to a person in an accident is a valid restriction of uninsured motorist coverage. *Id.* at paragraph two of the syllabus. In the *Dues* case, the policy provided that the liability limit applied to all damages due to bodily injury to one person. *Id.* at 46. The court, therefore, interpreted this provision as encompassing all legal causes of action within a single claim for coverage up to the limit of the policy.

In the case at bar, the policy limitation provisions read as follows:

"1. The limit for 'each person' is the maximum for bodily injury sustained by any person in any one accident. Any claim for loss of consortium or injury to the

relationship arising from this injury shall be included in this limit.

"2. Subject to the limit for 'each person,' the limit for 'each accident' is the maximum for bodily injury sustained by two or more persons in any one accident.

"3. Subject to the law of the state of the occurrence, we will pay no more than these maximums regardless of the number of vehicles insured, insured persons, claims [*sic*] claimants, policies or vehicles involved in the accident."

The court below concluded that appellant's claim was derivative of her son's bodily injury claim and, therefore, was included within the maximum coverage limit of $250,000 for all actions arising out of the son's injury.

Appellant argues on appeal that the limitation language of paragraph one quoted above provided that only consortium claims were to be included within the son's bodily injury claim. She argues that her claim for loss of services and future medical expenses remained as a separate and independent claim, albeit derivative of the son's claim, not subject to the son's bodily injury claim limit.

Appellee argues that loss of services is included within the definition of "consortium." *Clouston* v. *Remlinger Oldsmobile Cadillac, Inc.* (1970), 22 Ohio St. 2d 65, paragraph three of the syllabus. Furthermore, appellee argues that since appellant is obligated by statute to pay her son's medical expenses due to the parental relationship, this claim also falls within the second sentence of paragraph one of the limitation provisions of the policy.

Claims for loss of consortium and medical expenses are separate and distinct claims from the bodily injury claim out of which the derivative claim arises. *Auto-Owners Mut. Inc. Co.* v. *Lewis* (1984), 10 Ohio St. 3d 156, reversed on other grounds; *Dues* v. *Hodge, supra*; and *Whitehead* v. *Gen. Tel. Co. of Ohio* (1969), 20 Ohio St. 2d 108, paragraph three of the syllabus. However, an insurance contract may limit coverage to a single limit for all legal claims arising out of or due to the bodily injury suffered by one person involved in any one accident/occurrence. *Tomlinson* v. *Skolnik* (1989), 44 Ohio St. 3d 11, paragraph one of the syllabus and *Dues* v. *Hodge, supra*.

Furthermore, a loss of consortium claim is not a separate injury for purpose of application of the policy limits unless the policy so provides. *Tomlinson* v. *Skolnik, supra*, at paragraph two

of the syllabus. Consortium has been defined as including "society, services, sexual relations and conjugal affection." *Clouston* v. *Remlinger Oldsmobile Cadillac, Inc., supra*, at paragraph three of the syllabus. Therefore, appellant's claim for loss of services in this case would clearly fall within the single liability limit pursuant to paragraph one of the policy quoted above.

The remaining issue is whether appellant's claim for future medical expenses is also subject to a single bodily injury limit. The most recent cases presume that the policy limits for each bodily injury include all damages arising from that bodily injury unless the policy provides otherwise. *Cincinnati Inc. Co.* v. *Phillips* (1989), 44 Ohio St. 3d 163 and *Goldman* v. *Commercial Union Ins. Co.* (Sept. 7 1988), Richland App. No. CA-2570, unreported.

In the *Phillips* case, four causes of action were brought due to an accident involving Mr. and Mrs. Thompson: (1) a wrongful death claim due to Mr. Thompson's death; (2) a claim for damages due to the bodily injury suffered by Mrs. Thompson and her mental distress from watching her husband die; (3) a claim for the conscious pain and suffering of Mr. Thompson before his death; and (4) an emotional and mental distress claim for the benefit of the couple's minor child who learned of the death of her father.[1] The policy provided that the limit "for 'each person' for Bodily Injury Liability is our maximum limit of liability *for all damages for bodily injury sustained by any one person in any one auto accident*." *Id.* at 165. The court held that only the two persons involved in the accident could recover under the policy for the bodily injury. Furthermore, all of the separate claims arising out of Mr. Thompson's bodily injury must be subject to the single limitation on liability. Since no other persons suffered bodily injury due to the accident, no other claims were possible against the liability coverage of the policy. The rationale behind this holding was that the policy was written to cover the persons injured in the accident and not possible causes of action arising therefrom.

While the policy in the case before us does not specifically or expressly consolidate all causes of action (beyond the consortium type of cause of action) under a single liability limit, the obvious intent of the entire limitation section is to do so. Therefore, following the holding in the *Dues-Tomlinson-Phillip's* line of cases we interpret this policy as subjecting all

causes of action arising out of the bodily injury to one person to the single limitation on liability of $250,000. It was, therefore, proper for the trial court to grant summary judgment in this case because there was no genuine issue as to any material fact, and appellee was entitled to judgment as a matter of law under the stipulated facts of this case. *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 66.

Accordingly, we find appellant's sole assignment of error not well-taken.

The judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App. R. 24, appellant is hereby ordered to pay the court costs incurred in connection with this appeal.

HANDWORK, P.J.
ABOOD, J., Concurs in Judgment only.

Prior to his death, Judge John J. Connors, Jr., did participate in the decision-making process of this case.

---

[1] This final claim appears to have been avoided by the court of appeals as not being ripe for review and, consequently, was not addressed by the Supreme Court either.