**Wardell v. Travelers Ins. Co.**
**Case No. 1973**
**Portage County, (11th)**
**Decided February 23, 1990**
[Cite as 1 AOA 438]

*Atty. Henry A. Hentemann, 2121 The Superior Building, Cleveland, Ohio 44114, for Defendant-Appellant.*

*Atty. Robert Paoloni, P. O. Box 751, Kent, Ohio 44240, for Plaintiffs-Appellees.*

MAHONEY, J.

Appellee, Hamilton Wardell, was a passenger in an automobile that was involved in a two-car accident on November 19, 1985. He, his wife (also an appellee) and the driver, who is not a party to this cause of action, received from Westfield Insurance Company, the insurance company of the tortfeasor (neither of whom are parties to this suit), payment of $100,000 the limit of the policy.

Appellees and the driver agreed to a division of the $100,000 to be paid by Westfield. Appellees received $75,000 for their claim and the driver received $25,000.

On April 27, 1987, appellees then filed a claim under the underinsured motorists coverage provision contained in the insurance policy issued by appellant, Travelers Insurance Company. Appellant rejected the claim and appellees filed a complaint for a declaratory judgment.

On December 2, 1987, appellees filed a motion for summary judgment with affidavit.

On January 15, 1988, appellant filed a motion in opposition and a cross-motion for summary judgment.

Appellant agreed that Hamilton Wardell was entitled to an additional $25,000 pursuant to the underinsured provision of the policy. The company, however, refused to recognize Rose Wardell's loss of consortium claim.

On March 23, 1988, the court overruled appellant's motion for summary judgment and sustained appellees' motion for summary judgment.

Appellant timely appealed, raising the following assignments of error:

"I. The trial court erred in granting summary judgment for the plaintiffs-appellees where plaintiff-appellee, Rose M. Wardell, was not entitled to separate underinsured motorists coverage for her derivative, loss of services claim.

"II. The trial court erred when it denied the defendant-appellant's cross-motion for summary judgment where the 'Limits of Liability' clause contained in the policy issued by the defendant-appellant is valid and enforceable and precludes the plaintiffs-appellees from further recovery under the underinsured motorists coverage provisions of the automobile insurance contract."

The issue in this case is whether the language of the Travelers Insurance Company policy provides for a separate maximum coverage of $100,000 for Rose Wardell's claim for loss of consortium and services.

For the following reasons, we hold that it does not and, thus, we reverse the judgment of the trial court and enter summary judgment for the appellant.

The trial court based its decision on *Kruse v. Grange Mut. Casualty Co.* (Aug. 21 1987), Trumbull App. No. 3760, unreported, which followed *Auto-Owners Mut. Ins. Co.* v. *Lewis* (1984), 10 Ohio St. 3d 156.

However, *Auto-Owners*, which allowed the policy limits to be available for each separate and independent cause of action arising from injuries sustained in an accident, was, in part, expressly overruled in *Dues* v. *Hodge* (1988), 36 Ohio St. 3d 46, wherein the Supreme Court held at paragraph two of the syllabus:

"2. An insurance policy provision that limits recovery for all causes of action arising out of bodily injury to one person to a single limit of liability is a valid restriction of uninsured motorists coverage."

Subsequent to the filing of the parties' briefs and the oral arguments, the Ohio Supreme Court has decided *Tomlinson* v. *Skolnik* (1989), 44 Ohio St. 3d 11, which is directly on point and is determinative of the issue before us. Therefore, our analysis is based on *Tomlinson* and not the parties' arguments which were made prior to that decision.

The liability provisions of the Travelers policy are in all relevant parts identical to the policies at issue in *Tomlinson, supra.* See, also, *Cincinnati Ins. Co.* v. *Phillips* (1989), 44 Ohio St. 3d 163.

The Travelers policy provides in pertinent part:

"Uninsured Motorists Insurance Coverage D - Uninsured Motorists (Bodily Injury Only)
*We* will pay damages that the *insured* is legally entitled to recover from the owner or operator of an *uninsured motor vehicle* because of bodily injury suffered by the *insured* and cause by accident. Liability for such damages must arise out of the ownership, maintenance or use of the *uninsured motor vehicle.*
"Limit of Liability
Regardless of the number of *insureds*, claims made, vehicles or premiums shown on the declarations page or vehicles involved in the accident, the most *we* will pay for damages resulting from bodily injury to the *insured* is the applicable limit of liability.
"This limit is shown on the declarations page of this policy for Coverage D (uninsured motorists insurance).
"The applicable limit shown for 'each person is the most *we* will pay for all damages suffered for bodily injury by one *insured* in any one accident.
"Subject to the limit for 'each person', the applicable limit shown for 'each accident' is the most *we* will pay for all damages for bodily injury suffered by all *insureds* in any one accident.
"*We* will subtract the amount of damages paid by or on behalf of anyone responsible for the *insured's* injury from the amount otherwise payable under this coverage. This includes any damages paid under the liability insurance of this policy." (Emphasis in original.)
"* * *."

Under the policy, the limits of liability for bodily injury for uninsured motorists is $100,000 each person/$300,000 each accident. The policy in *Tomlinson* is identical to Travelers' with the exception that the limits of liability for bodily injury were lower, to-wit: $25,000 "each person" and $50,000 "each accident."

In interpreting the policy language at issue in *Tomlinson*, the Supreme Court utilized long-standing rules of contract construction. The Court stated that:

"* * * The most important of these rules is one of abstention: 'When the language of an insurance policy has a plain and ordinary meaning, it is unnecessary and impermissible for this court to resort to construction of that language.' * * *

Thus, in reviewing an insurance policy, words and phrases used therein 'must be given their natural and commonly accepted meaning, where they in fact possess such meaning, to the end that a reasonable interpretation of the insurance contract consistent with the apparent object and plain intent of the parties may be determined. * * * The insurer, having prepared the policy, must also be prepared to accept any reasonable interpretation, consistent with the foregoing, in favor of the insured. * * *' * * *" *Id.* at 12.

Applying the foregoing rules of construction, the Supreme Court disallowed Mrs. Tomlinson's loss of consortium claim, holding that:

"* * * absent a definitional provision in the insurance policy to the contrary, a claim for loss of consortium, deriving from bodily injury sustained by a spouse, is not a separate bodily injury for purposes of the single person limit of liability of an automobile liability insurance policy." *Id.* at 15-16.

The court further explained that:

"* * * even if appellee's loss of consortium claim were considered a separate bodily injury, which we today hold it is not, it is apparent that the policy language would further preclude a separate per-person recovery because her 'bodily injury' was not 'sustained * * * *in* any one auto accident' (emphasis added) as required by the policy. * * * Mrs. Tomlinson was not present at the scene of the accident, and thus obviously suffered no damages for bodily injury *in* such accident." *Id.* at 16. See, also, *Cincinnati Ins. Co.* v. *Phillips, supra.*

As in *Tomlinson,* the term "bodily injury" is not specifically defined in the Travelers policy but, under its commonly accepted definition, the derivative claim of loss of consortium is excluded. *Tomlinson, supra,* at 14.

In the case *sub judice,* Mrs. Wardell's claim for loss of consortium is analogous to that of Mrs. Tomlinson and, likewise, it is not a separate bodily injury for purposes of the single person limit of liability. Moreover, like Mrs. Tomlinson, Mrs. Wardell was not present at the accident and did not suffer any bodily injury *in* such an accident and thus she, too, would be precluded from a separate recovery by the very terms of the policy.

Furthermore, the Travelers policy validly restricts damages "resulting from bodily injury" to one person to a single limit of liability of $100,000. Mr. Wardell has already recovered the single limit of $100,000 and, thus, there is nothing left for Mrs. Wardell to recover, even if she could. *Tomlinson, supra,* at 15.

For the foregoing reasons, appellant's assignment of error are sustained, the judgment of the trial court is reversed, and summary judgment is granted in favor of the appellant.

CHRISTLEY, P.J., FORD, J., Concur.