### Rowan v. Beacon Ins. Co.
*[Cite as 8 AOA 655]*

*Case No. 90-L-14-005*

*Lake County, (11th)*
*Decided December 21, 1990*

*John S. Nelson, 66 Mentor Avenue, Painesville, Ohio 44077 for Plaintiffs-Appellants/Cross-Appellees.*

*Murray K. Lenson and James N. Kline, 900 Bond Court Building, Cleveland, Ohio 44114 for Defendant-Appellee/Cross-Appellant.*

CHRISTLEY, P.J.

Appellants, Barbara and Charles Rowan, a married couple, reside in Perry, Lake County, Ohio. In December 1984, a vehicle operated by an uninsured motorist crossed the centerline of a highway and collided with a vehicle driven by Barbara. As a result, Barbara suffered multiple bodily injuries and, along with her husband, incurred medical expenses in excess of $25,000. A passenger in Barbara's vehicle also suffered injuries in the accident.

At the time of the accident, appellants' vehicle was insured under a policy issued by appellee, Beacon Insurance Company. The terms of this policy provided, *inter alia*, for uninsured motorist coverage, with limits of $50,000 per person and $100,000 per occurrence. The terms also provided for excess medical payments coverage of $5,000 per person. Under this policy, both appellants and the injured passenger were insureds.

In addition to the vehicle involved in the accident, the policy in question also applied to a second vehicle owned by appellants. To receive this additional coverage, appellants paid separate premiums for each vehicle.

In March 1986, appellants initiated a declaratory judgment action in the Lake County Court of Common Pleas against appellee. In their complaint, appellants sought the resolution of various issues which had arisen concerning the rights of the parties under the policy. The majority of these issues pertained to the extent of appellee's liability to appellants under the uninsured motorist coverage and the excess medical expenses coverage.

In answering the complaint, appellee asserted two counterclaims against appellants. Under these claims, appellee alleged that the extent of its liability under the two coverages at issue was $50,000 and $5,000, respectively. In its answer, appellee also stated that the proper defendant in the action was the American Select Insurance Company, as it was the party which had issued the policy in question.

After engaging in preliminary discovery, the parties filed a joint stipulation of the facts in the case. A summary of the stipulated facts was given in the first three paragraphs of this opinion. In addition, the parties also stipulated to the terms of the policy, a copy of which was attached to the stipulation.

The parties then submitted briefs concerning some of the issues which they had raised in the pleadings. In their brief, appellants raised the following five issues:

1. whether, under the uninsured motorist coverage as to one vehicle, the maximum liability applicable to appellants' claim was $99,000;

2. whether, under the same coverage as to one vehicle, the maximum liability applicable to appellants' separate claims was $50,000 per person or $100,000 per occurrence;

3. whether appellants were entitled to stack the uninsured motorist coverage as to both vehicles;

4. whether appellants could recover punitive damages under the uninsured motorist coverage; and,

5. whether the excess medical expenses coverage on the two vehicles could be stacked.

In its brief, appellee essentially addressed the issues raised in appellants' brief. As to the extent of liability under the uninsured motorist coverage, appellee argued that the claim of Charles Rowan under the policy was derived from that of his wife, and thus that maximum liability applicable to both claims was $50,000.

After the parties had filed answer briefs, the trial court issued a judgment. In this entry, the court reached the following conclusions:

1. appellants could maintain separate and distinct causes of action under the policy;

2. the policy did not contain an anti-stacking clause which would prevent appellants from stacking the coverages on the two vehicles;

3. the maximum liability as to each of appellants' claims under the uninsured motorist coverage was $50,000; and

4. Barbara Rowen was not entitled to stack the excess medical expenses coverage as to both vehicles under the policy.

Following the entry of this judgment, appellants filed a notice of appeal with this court. After the parties had submitted supplemental briefs on the issue of whether the judgment was a final appealable order, this court dismissed the appeal on the grounds that the judgment did not address all of the claims raised by the parties and did not contain a finding of no just cause for delay. See, *Rowan v. Beacon Ins. Co.* (May 26, 1989), Lake App. No. 12-150, unreported.

On remand, the parties submitted competing motions for summary judgment. In doing so, the parties reargued many of the issues which had been decided in the first judgment. The parties also raised issues concerning the award of punitive damages and prejudgment interest, the remaining issues.

The trial court then issued a second judgment denying both motions for summary judgment. In this entry, the court specifically stated that its previous entry remained in effect as to the issues addressed therein. The court then held, as to the two remaining issues, that punitive damages were not recoverable and that prejudgment interest could not be awarded.

Approximately one week following the entry of the second judgment, appellants moved for findings of fact and conclusions of law, pursuant to Civ. R. 52. The trial court also denied this motion, concluding that such an entry was not necessary when the parties had stipulated to the facts.

Both parties have filed notices of appeal from the trial court's second judgment. Under their appeal, appellants have assigned the following as error:

"1. The trial court erred to the prejudice of plaintiff-appellants in holding that the stacking of the uninsured-other-motorist coverages of Part IV, for injuries and damages suffered by Barbara Rowan and Charles Rowan, was permitted, but then applying subparagraph (a), Limits of Liability in Part

IV, to limit actual coverage to $50,000.00 for each. (See Judgment Entry of February 18, 1987 adopted in Judgment Entry of December 11, 1989 by reference without further consideration or discussion.)

"2. The trial court erred to the prejudice of plaintiff-appellants in refusing to stack medical coverages for the benefit of Barbara Rowan's medical expenses. (See Judgment Entry of February 18, 1987, adopted in Judgment Entry of December 11, 1989 by reference without further consideration or discussion.)

"3. The trial court erred to the prejudice of plaintiff-appellants in failing to specify in its judgment a one-year limitation of medical expense coverage (Part II) was unreasonable, and that the claims of Charles Rowan would include medical expenses incurred by him for his wife after the proper medical coverage under Part II of the policy, and would be covered under his general claim coverage 'for care and loss of services.' (See Judgment Entry of February 18, 1987, adopted in Judgment Entry of December 11, 1989 by reference without further consideration or discussion) in which this issue was not covered.

"4. The trial court erred to the prejudice of plaintiff-appellants in determining that punitive damages are not covered by or recoverable under the American Select Insurance Company's 1983 policy form covering plaintiff-appellants' accident of December 26, 1984.

"5. The trial court erred to the prejudice of plaintiff-appellants in refusing on request after remand to make findings of fact and conclusions of law, where its judgments were incomplete on factual findings and did not rule on all issues of law and fact.

"6. The trial court erred to the prejudice of plaintiff-appellants in failing to order the substitution of American Select Insurance Company as the real party in interest in the captioning and docketing of the case and its final judgment."

Although it is common practice to address cross-assignments of error separately, this court notes that appellee's sole assignment addresses the same basic issue as appellants' first assignment; *i.e.,* the extent of appellee's liability under the uninsured motorist coverage. For the sake of clarity, these assignments will be considered together. Appellee's cross-assignment states:

"The trial court erred to the prejudice of Defendant/ Appellee/Cross-Appellant in over-ruling Beacon's Motion For Summary Judgment And To Modify The Court's Previous Entry that the Rowans were limited by the policy to a total recovery of $50,000 for all claims flowing from the bodily injuries of Barbara Rowan arising from the accident, including the derivative claims of Charles Rowan."

In relation to the extent of appellee's liability under the uninsured motorist coverage, appellants argued at the trial level that they were entitled to a total of $200,000. Upon reviewing the various briefs which appellants submitted to the trial court, it appears that they followed a three-step analysis in calculating the extent of their recovery.

First, appellants argued that they were each entitled to maintain separate and independent claims for recovery under the policy. Second, appellants argued that while Charles could only collect a total of $50,000 under his claim, Barbara was entitled to approximately $99,000 under the "per occurrence" limit to liability. Third, appellants argued that they were entitled to "stack" the two coverages on the two vehicles.

As a preliminary matter, this court would note that if all three steps of appellants' analysis were correct, they would be entitled to approximately $300,000, instead of $200,000. Putting this issue aside, appellants' first assignment concerns the third aspect of their analysis. Specifically, appellants contend that in determining that they were each entitled to only $50,000 apiece under the uninsured motorist coverage, the trial court erroneously construed the limits of liability section under the uninsured motorist provision as prohibiting stacking.

Before addressing the merits of this argument, it would be logical to consider the first two steps of appellants' analysis. In its first judgment entry, the trial court expressly held that appellants had two separate and independent claims: one for the bodily injuries Barbara had suffered in the accident; and one for the expenses and loss of services Charles had suffered as a result of Barbara's injuries. In reaching this conclusion, the trial court relied upon holding in *Auto-Owners Mut. Ins. Co. v. Lewis* (1984), 10 Ohio St. 3d 156.

In *Lewis*, the insured asserted two claims: one for the injuries his son had suffered in an automobile accident; and one individually for loss of his son's services. Relying upon prior case law interpreting R.C. 3937.18, which governs uninsured motorist provisions, the Ohio Supreme Court held that the insured could recover the policy limit applicable to the uninsured motorist coverage on both claims. The court emphasized that even though the insured's individual claim was derived from his son's, it was still a distinct claim.

Under its sole assignment, appellee, as cross-appellant in this case, maintains that the trial court's reliance upon the *Lewis* case was misplaced. This argument is well taken.

As appellee correctly notes, the Supreme Court specifically overruled that particular aspect of *Lewis* in *Dues v. Hodge* (1988), 36 Ohio St. 3d 46. In the latter case, the court held the language of the uninsured motorist coverage provision can prohibit the application of the policy limitation to each derivative cause of action:

"*** An insurance policy provision that limits recovery for all causes of action arising out of bodily injury to one person to a single limit of liability is a valid restriction of uninsured motorist coverage." *Id.* at 49.

Thus, as subsequent cases have held, the determination of whether a derivative claim can be maintained independently under a policy is based upon the specific language of the applicable provision. See, *e.g., Gambert v. Huff* (1988), 52 Ohio App. 3d 36.

In this case, the uninsured/underinsured motorist section of the policy contained the following limit on liability:

"The limit of liability for uninsured or underinsured motorist coverage stated in the declarations as applicable to 'each person' is the limit of the company's liability for all damages for car or loss of services, because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting each person, the limit of liability stated in the declarations as applicable to 'each accident' is the total limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons as the result of any one accident."

As appellee also correctly notes, in *Burris v. Grange Mut. Cos* (1989), 46 Ohio St. 3d 84, the Supreme Court has recently had the

opportunity to interpret a clause virtually identical to the foregoing provision. Interpreting the last segment of the provision, the court found that the phrase "sustained by two more or persons" modified the term "bodily injury" instead of the term "damages." Accordingly, the *Burris* court held that if the damages sustained by one person are derived from the bodily injury suffered by another, the first person cannot recover separately under the policy. In other words, under this provision, the recovery for the main bodily injury claim and *any* claim derived from it is limited to the single person policy limitation.

In reaching this conclusion, the *Burris* court cited the Kentucky Supreme Court in *Moore v. State Farm Mut. Ins. Co.* (Ky. 1986), 710 S.W. 2d 255. Specifically, the court quoted the following language from *Moore:*

"Furthermore, we adopt the view of a legal commentary which states:

"'Under policies fixing a maximum recovery for "bodily" injury to one person, *** the limitation (is) applicable to all claims of damage flowing from such bodily injury, and *** therefore it is immaterial that some part of the damages may be claimed by a person other than the one suffering the bodily injuries. In other words, all damage claims, direct and consequential, resulting from injury to one person, are subject to the limitation.' 13 ALR 3d 1228, 1234." *Burris, supra,* at 90.

Upon citing other cases that interpret the applicable clause in the same manner, the *Burris* court then stated:

"We conclude from the above that there is no ambiguity in the Grange policy and the only logical interpretation is that the number of persons sustaining bodily injury as a result of the accident controls the amount of coverage provided by the policy. Thus, the number of persons sustaining *consequential damages* is irrelevant for the purpose of determining the amount of coverage available." *Id.* at 91. (Emphasis added.)

Applying the *Burris* holding to the limit of liability clause in this case, it is clear that the trial court erred in determining that appellant Charles Rowan could maintain a separate cause of action. The claim under which he sought recovery was derived from the claim of his wife. Thus, disregarding the questions of stacking and the applicable policy limitations, appellants only had one

claim to assert under the policy. Again, appellee's cross-assignment has merit.

The second part of appellants' three-step analysis of the uninsured motorist coverage concerned the question of the applicable policy limitations. As was noted earlier, the declarations page of the policy stated that the limits under the uninsured motorist coverage were $50,000 per person and $100,000 per occurrence. Before the trial court, appellants argued that the "per occurrence" limit was applicable to Barbara's claim. This position was based upon the fact that a second insured individual was also injured in the accident.

In support of this position, appellants referred to the last part of the limits of liability clause under the uninsured motorist section. As was noted in the previous discussion, the applicable part of that section provided that the limit stated in the declarations was the total limit of appellee's liability for all damages "*** because of bodily injury sustained by two or more persons as the result of any one accident." Appellants then argued that since the passenger in her vehicle had suffered minor injuries, she was entitled to the remainder of the per occurrence limit.

However, as the trial court emphasized, the clause upon which appellants relied was preceded by the statement that this limit was subject to the earlier provision concerning appellee's limit of liability as to one person. Thus, it is clear that under this provision, each person could only collect a maximum of $50,000, no matter how many other individuals sustained injuries in the one accident. A person is not entitled to more than $50,000 simply because the second person did not recover the full amount.

The final part of appellants' three-step analysis concerned the issue of stacking. Under their first assignment, appellants contend that the trial court erred in construing the limits of liability clause under the uninsured motorist section to be an anti-stacking provision. Appellants further submit that since they were paying separate premiums for the two coverages on the two vehicles, they were entitled to "stack" these two coverages.

The facts of *Auto Owners Mut. Ins. Co. v. Lewis, supra,* support appellants' position on this point. In that case, the insured was also paying separate premiums for each of six cars which were covered under one policy. Empha-

sizing that there was no distinction between inter-policy stacking and intra-policy stacking, the court held that "*** the insured is entitled to recover under the uninsured motorist provision of the policy any amount up to the aggregate sum of the uninsured motorist coverages." *Id.* at 159. That aspect of the *Lewis* decision has not been overruled.

The trial court's judgment as to the stacking issue is not clear. The court began by noting the facts of *Lewis* and its holding. The court went on to conclude that the policy did not contain an anti-stacking provision which was applicable to the uninsured motorist coverage. However, without ever stating whether stacking was permitted in this case, the court then went into a discussion of the limits of liability clause, concluding that the most Barbara could recover under that provision was $50,000.

Based upon the wording of the entry, appellants conclude that the court interpreted the limits of liability clause to prohibit stacking. Regardless of whether the trial court actually interpreted the clause in that fashion, it is clear that the clause is not an anti-stacking provision. The limits of liability clause governs the amount a person can receive under the uninsured motorist coverage as to one vehicle. It does not attempt to limit intra-policy stacking of the coverage when it is applicable to more than one vehicle under the policy.

Again, while it is uncertain whether the trial court meant to reach this result, the effect of its decision was to deny appellants the right to stack the coverages under the uninsured motorist provision. This result is incorrect. As stated earlier, the parties stipulated that appellants were paying a separate premium for the coverage on a second vehicle. More importantly, a review of the policy shows that it does not contain an anti-stacking clause applicable to the uninsured motorist coverage. Thus, under *Lewis,* appellants were entitled to stack the two cove-rages on their two vehicles.

In summation, as to the extent of appellee's liability under the uninsured motorist provision, both appellants' first assignment and appellee's sole cross-assignment have merit. While appellants cannot maintain separate claims for recovery under the policy, they are entitled to stack their two coverages. Accordingly, appellants are enti-

tled to a maximum of $100,000 under the uninsured motorist coverage.

As part of their complaint, appellants also requested the trial court to declare that they were entitled to stack the excess medical expenses coverage as to both vehicles. In its first judgment, the trial court rejected appellants' position on this issue and held that only Barbara was entitled to $5,000, the policy limit for that coverage. In their second assignment, appellants maintain that the trial court erred in reaching this conclusion.

In relation to the issue of stacking medical payment coverages, the Supreme Court has stated that this type of provision is intrinsically different than uninsured motorists coverage, in that it does not raise the same public policy considerations. *Lewis, supra.* As a result, this provision is "*** simply a matter of contract between the insurer and insured." *Karabin v. State Automobile Mut. Ins. Co.* (1984), 10 Ohio St. 3d 163, 166.

In the instant case, the policy in question contains a specific provision governing the stacking of the excess medical expenses coverage. Under the Conditions portion of the policy, Section 4(a) states, in pertinent part: "The application of the policy to more than one automobile shall not operate to increase the limit of liability for any coverage." This language, which is applicable to the excess medical payments coverage, unambiguously prohibits intra-policy stacking. Thus, appellants' second assignment is without merit.

Appellants' next assignment also raises issues concerning the extent of appellee's liability under the excess medical expenses coverage. Under this provision of the policy, appellee agreed to pay all reasonable medical expenses, which were not covered by other valid insurance and were incurred within one year of the accident. Appellants now maintain that the trial court erred in not holding that the one-year limit on the payment of the expenses was unreasonable.

In support of this position, appellants argue that the one-year limit is too short, in that an injured party could easily incur medical expenses more than one year after the accident. While the validity of the latter statement cannot be questioned, it must again be emphasized that the exact provisions of this particular coverage are a matter of

contract between the parties. *Karabin, supra.* The one-year limit is plainly stated in the first sentence of this section of the policy. Thus, the scope of the coverage cannot be extended beyond that which was agreed to by the parties.

Also under their third assignment, appellants contend that the trial court erred in concluding that Charles was not entitled to maintain a claim under this provision for the expenses he had incurred in caring for Barbara. In relation to this point, this court would simply note that payments under this provision are limited to the persons who actually sustain the bodily injury, be they either insureds or relatives. Thus, only Barbara is entitled to maintain a claim under the excess medical expenses coverage, as Charles did not sustain bodily injury.

Under their fourth assignment, appellants submit that the trial court erred in determining that they could not recover punitive damages under the uninsured motorist coverage. In support of their position, appellants cite *Hutchinson v. J.C. Penney Cas. Ins. Co.* (1985), 17 Ohio St. 3d 195. In that case, the Supreme Court held that unless the policy expressly provided otherwise, punitive damages could be awarded when the uninsured motorist provision stated that the insured was entitled to "damages" which could be recovered from the owner or operator of the uninsured vehicle.

The uninsured motorist provision in this case contains language similar to that in *Hutchinson.* However, in *State Farm Mut. Ins. Co. v. Blevins* (1990), 49 Ohio St. 3d 165, the Supreme Court expressly overruled *Hutchinson* as to the punitive damages issue. Under this new precedent, the policy must contain "specific contractual language" before this type of damages can be recovered. Thus, the broad language of the uninsured motorist provision is not sufficient to permit that type of recovery.

A review of the uninsured motorist provision in appellants' policy shows that it did not expressly provide for an award of punitive damages. Accordingly, appellants' fourth assignment is not well taken.

After the trial court had issued its second judgment, appellants moved for findings of fact and conclusions of law, pursuant to Civ. R. 52. The trial court denied this motion, concluding that such findings were unnecessary. In their fifth assignment, appellants argue that the court erred in not granting their motion. This argument is also without merit.

Although the court did not refer to Civ. R. 52, the wording of the rule itself provides that findings of fact and conclusions of law are unnecessary upon motions made pursuant to Civ. R. 56. The reasoning behind this rule is evident: "when a trial court rules upon a motion for summary judgment, it does not act as a finder of fact." *Paramount Supply Co. v. Sherlin Corp.* (1984), 16 Ohio App. 3d 176.

Appellants' argument appears to be based upon the fact that the first judgment did not precisely state the parameters of the coverage under the policy. While this is true, a Civ. R. 52 motion was not the proper vehicle for what was essentially a request for clarification. The trial court was correct that the stipulated facts satisfied the request for findings of fact, as there could have been no factual issues in conflict. Despite the lack of precision in its first judgment, the trial court did not err in denying appellants' motion under Civ. A. 52.

In their final assignment, appellants submit that the trial court erred in not substituting the American Select Insurance Company as the real party in interest in this action. In its brief before this court, and at oral argument, appellee does not dispute that American Select was the proper defendant. Moreover, a review of appellee's answer shows that it admitted that American Select was not the actual insurer under the policy. Thus, pursuant to Civ. R. 7, the judgment of the trial court should also be modified to show that fact.

In accordance with our previous discussion, this court concludes that appellants' first and sixth assignments and appellee's sole cross-assignment have merit. The judgment of the trial court is therefore reversed as to the issue of the extent of appellee's liability under the uninsured motorist coverage. Appellants are entitled to a maximum of $100,000 under the uninsured motorist coverage. Further, the trial court's judgment is modified to reflect that American Select Insurance Company is the real party in interest instead of Beacon Insurance Company. As to the remaining assignments, the judgment of the trial court is affirmed.

MAHONEY, J., and FORD, J., concur.