DUES, A MINOR, ET AL., APPELLANTS AND CROSS-APPELLEES, *v.*
HODGE ET AL.; STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
APPELLEE AND CROSS-APPELLANT.

[Cite as Dues *v.* Hodge (1988), 36 Ohio St. 3d 46.]

(Nos. 87-271 and 87-284—Decided April 6, 1988.)

. *Huffman, Landis, Weaks & Lopez,* *Robert J. Huffman* and *Jose M. Lopez,* for appellants and cross-appellees.

*Hamilton, Kramer, Myers & Cheek, James R. Gallagher* and *Emerson Cheek III,* for appellee and cross-appellant.

WRIGHT, J. The principal issue before us today is whether the antistacking language in the uninsured motorist provision of the automobile insurance policy before us meets the applicable requirements to prevent stacking of coverage.

R.C. 3937.18(G) provides:

"Any automobile liability or motor vehicle liability policy of insurance that includes coverages offered under division (A) of this section may include terms and conditions that preclude stacking of such coverages."

An insurance company may, pursuant to R.C. 3937.18(G), preclude the stacking of uninsured motorist coverage. The antistacking provision, however, must be both unambiguous and clear and conspicuous in the automobile insurance contract. *Karabin* v. *State Automobile Mut. Ins. Co.* (1984), 10 Ohio St. 3d 163, 10 OBR 497, 462 N.E. 2d 403.

Endorsement 6275RR, stipulated to be in effect for all four policies

issued to the appellants at the time of the accident, states, in pertinent part:

"If There Is Other Similar Coverage

"1. If the *insured* is injured as a pedestrian and other similar coverage applies, or is injured while *occupying your car,* and *your car* is described in the declarations page of another policy providing similar coverage:

"a. the total limits of liability under all such coverages shall not exceed that of the coverage with the highest limit of liability; and

"b. We are liable only for our share. Our share is that per cent of the damages that the limit of liability of this coverage bears to the total of all similar coverage applicable to the accident." (Emphasis *sic.*)

As stated, the antistacking provision must be both unambiguous and clear and conspicuous in the policy. *Karabin, supra.* We find the above language to be unambiguous. The language "the total limits of liability under all such coverages shall not exceed that of the coverage with the highest limit of liability" can only be interpreted to mean that the insured may not stack coverage. The appellants have not indicated how this language could possibly be construed otherwise.

We also find the language of the antistacking provision to be clear and conspicuous in the policy. The section heading titled, "If There Is Other Similar Coverage," is typed in bold letters. The entire endorsement section is clearly marked as a part of the policy. Therefore, we agree with the trial court and referee that the language is clear and conspicuous within each policy.

Appellants point out that State Farm provided numerous endorsements and policy jackets over a period of years. The stipulations, however, indicate the above language was a part of the policy at the time of the accident. The fact that the policy in question was altered several times over a period of years does not make the language ambiguous.

Accordingly, the referee was correct in forbidding the stacking of uninsured motorist coverage.

The second issue before us today is whether the language in the insurance contract may be interpreted to allow separate uninsured motorist coverage for derivative actions. The appellate court ruled that Jay's mother had a derivative action for negligent infliction of serious emotional distress. While we agree that such a derivative action may be maintained, the issue before us is not whether such an action is available, but rather, whether the insurance policies issued by State Farm allow separate coverage for the derivative actions.

It is well-established that language in an insurance policy must be read strictly in favor of the insured. The policy makes clear that State Farm intended to provide a maximum of $100,000 uninsured motorist coverage for each accident involving bodily injury to one person. A derivative action clearly stems from a single accident or occurrence. Indeed, the derivative actions would not exist but for the primary action. Therefore, we find the language of State Farm's policies limited coverage to $100,000 for all actions arising from a single accident or occurrence involving bodily injury to one person.

In *Auto-Owners Mut. Ins. Co.* v. *Lewis* (1984), 10 Ohio St. 3d 156, 10 OBR 490, 462 N.E. 2d 396, we held at paragraph two of the syllabus that "[w]here separate and independent causes of action arise from injuries caused by an uninsured motorist and such injuries are covered by the unin-

sured motorist provision of an automobile insurance policy, the policy limits applicable to the uninsured motorist coverage will be available to each cause of action." *Auto-Owners* was based on *Sexton* v. *State Farm Mut. Auto. Ins. Co.* (1982), 69 Ohio St. 2d 431, 23 O.O. 3d 385, 433 N.E. 2d 555, which was based on former R.C. 3937.18(A), a predecessor to R.C. 3937.18(A)(1). *Sexton* held that R.C. 3937.18 mandated coverage of derivative claims under uninsured motorist coverage. However, *Sexton* did not address the issue of extending separate policy limitations to each derivative cause of action. R.C. 3937.18(A)(1) does not indicate that it was intended to override reasonable limitations on the amount of coverage available for each accident. Therefore, we overrule paragraph two of the syllabus of *Auto-Owners*. An insurance policy provision that limits recovery for all causes of action arising out of bodily injury to one person to a single limit of liability is a valid restriction of uninsured motorist coverage.

Accordingly, we affirm that part of the appellate court's decision which determined the policies contained valid antistacking provisions, but reverse that part of the decision that permits additional coverage for derivative actions.

*Judgment affirmed in part and reversed in part.*

MOYER, C.J., LOCHER, HOLMES and H. BROWN, JJ., concur.

SWEENEY, J., concurs in part and dissents in part.

DOUGLAS, J., concurs as to paragraph one of the syllabus, but dissents as to paragraph two of the syllabus, the opinion, and the judgment.

SWEENEY, J., concurring in part and dissenting in part. I concur in paragraph one of the syllabus and the discussion related thereto. However, I must dissent from the law enunciated in paragraph two of the syllabus that overrules *Auto-Owners Mut. Ins. Co.* v. *Lewis* (1984), 10 Ohio St. 3d. 156, 10 OBR 490, 462 N.E. 2d 396, paragraph two of the syllabus. In my view, the proposition of law enunciated in *Auto-Owners, supra,* is both sound law and sound public policy. In contrast, the limitation of coverage endorsed herein that all causes of action arising out of bodily injury to one person be limited to a single limit of liability is both unsound and potentially unjust. As pointed out in *Auto-Owners,* such limitations could conceivably place an insured in the position of having less coverage than that for which he paid. In my view, the General Assembly did not intend such potential for inequity to arise when it enacted R.C. 3937.18. Therefore, I would affirm the decision of the court of appeals that each independent derivative action of the parents, if proven, is entitled to coverage up to the policy limitation of $100,000 under the uninsured motorist provision.