GAMBERT ET AL., APPELLANTS, *v.* HUFF ET AL., APPELLEES.

(No. CA 10861—Decided August 15, 1988.)

*John M. Ruffolo,* for appellants James Gambert et al.

*Freund, Freeze & Arnold, Stephen V. Freeze* and *Patrick J. Janis,* for appellee Farmers Ins. of Columbus, Inc.

*Richard J. Bannister; Pickrel, Schaeffer & Ebeling* and *Paul J. Winterhalter,* for appellee Charles Huff.

WOLFF, J. On March 23, 1986, Monica Gambert, a minor, was riding her bicycle when she was struck by a vehicle driven by Wayne Huff, also a minor. The accident occurred in Huber Heights. The extent of the injuries suffered by Monica is in dispute. At the time of the accident, Monica's parents, James and Irma Gambert, had a policy of automobile insurance with the defendant, Farmers Insurance of Columbus ("Farmers"). The policy provided for uninsured and underinsured motorist coverage in the amount of $100,000 per person, and up to an aggregate of $300,000 per accident.

On or about December 22, 1986, a

complaint was filed by Monica Gambert and her parents. Mr. and Mrs. Gambert's claims were derivative, alleging loss of society and services, emotional distress, out-of-pocket medical expenses, and lost earnings. The defendants in Count I were Charles Huff, individually, and Charles Huff, as guardian of Wayne Huff. Count II of the complaint named Farmers as a defendant, and sought a declaratory judgment concerning the interpretation of the insurance policy.

The Gamberts filed a motion for summary judgment, seeking a declaration that Monica, James, and Irma each have separate and distinct claims under the Farmers policy resulting from the injuries sustained by Monica. The motion also sought a declaration that the plaintiffs could submit their claim under the underinsured motorist provisions, based on the fact that Charles Huff had tendered the policy limits of his insurance policy with Colonial Insurance.

Farmers filed a cross-motion for summary judgment, seeking a declaration that (1) the plaintiffs are not entitled to assert separate "each person" claims under the policy, and (2) that the plaintiffs are not entitled to accept the per person limits of the tortfeasor's policy — in this case, $12,500 — and assert a per accident claim — here, $300,000 — against Farmers. This second contention is not an issue on appeal. (While there is evidence that Huff *tendered* his limits, there is no evidence that it has been *accepted.*)

The trial court granted Farmers' motion for summary judgment. The court indicated that the "Limits of Liability" language contained in the Farmers policy was not ambiguous, and that the "other insurance" provision also applied. Thus, the underinsured motorist coverage could be reduced by the amount of any other bodily injury coverage available to any party held to be liable for the accident. The court concluded that the "plaintiffs may recover up to $87,500 from their own insurance company under the uninsured motorist provisions thereof."

The Gamberts appeal, asserting the following assignment of error:

"The trial court erred when it held that the plaintiffs, James Gambert and Irma Gambert, do not have separate and distinct claims for damages under their policy of uninsured motorist coverage with the defendant Farmers Insurance of Columbus, Inc. resulting from physical injuries sustained by their minor child, Monica Gambert."

We affirm.

This case concerns the interpretation of the "Limits of Liability" language of the uninsured motorist section of the Farmers policy. This section provides as follows:

**"Coverage C — Uninsured Motorist Coverage (Including Underinsured Motorist Coverage)**

"We will pay all sums which an **insured person** is legally entitled to recover as **damages** from the owner or operator of an **uninsured motor vehicle** *because of* **bodily injury** sustained by the **insured person.**

"* * *

**"Additional Definitions Used In This Part Only**

"As used in this Part:

"1.  **Insured person** means:

"a.  You or a **family member.**

"b.  Any other person while **occupying your insured car.**

"c.  Any person for **damages** that person is entitled to recover because of **bodily injury** to you, a **family member,** or another occupant of **your insured car.**

"* * *

**"Limits of Liability**

"The limits of liability shown in the Declarations apply subject to the following:

"1. The limit for 'each person' is the maximum *for **bodily injury*** sustained by any person in any one **accident.** *Any claim for loss of consortium or injury to the relationship arising from this injury shall be included in this limit.* [Emphasis added.]

"2. Subject to the limits for 'each person,' the limit for 'each **accident**' is the maximum for bodily injury sustained by two or more persons in any one **accident.**

"3. Subject to the law of the state of the occurrence, we will pay no more than these maximums regardless of the number of vehicles insured, *insured persons, claim[,] claimants,* policies, or vehicles involved in the **accident.** [Emphasis added.]"

The second syllabus of *Dues* v. *Hodge* (1988), 36 Ohio St. 3d 46, 521 N.E. 2d 789, provides:

"An insurance policy provision that limits recovery for all causes of action arising out of bodily injury to one person to a single limit of liability is a valid restriction of uninsured motorist coverage."

The question in this case is whether Farmers has, by the above policy language, effectively limited its liability under the uninsured motorist coverage of the policy to $100,000, minus the $12,500 tendered on behalf of the tortfeasor.

As to derivative actions, *Dues* states at 48, 521 N.E. 2d at 792:

"While we agree that such a derivative action may be maintained, the issue before us is not whether such an action is available, but rather, whether the insurance policies issued by State Farm allow separate coverage for the derivative actions.

"It is well-established that language in an insurance policy must be read strictly in favor of the insured. The policy makes clear that State Farm intended to provide a maximum of $100,000 uninsured motorist coverage for each accident involving bodily injury to one person. A derivative action clearly stems from a single accident or occurrence. Indeed, the derivative actions would not exist but for the primary action. Therefore, we find the language of State Farm's policies limited coverage to $100,000 for all actions arising from a single accident or occurrence involving bodily injury to one person."

The first question is whether, as Farmers contends, the policy provision stating that "any claim for loss of consortium or injury to the relationship arising from this injury shall be included in this limit" confines the parents' derivative claims for medical expenses, cost of care, infliction of emotional distress, and lost income to the single "each person" coverage available when only one person is bodily injured. (We conclude that the parents' claims for loss of Monica's society and services are clearly embraced by this policy provision.)

We do not agree with Farmers that this provision embraces the parents' claims for medical expenses, cost of care, infliction of emotional distress, and lost income. We are satisfied, however, that paragraph 3 of the Limits of Liability section effectively confines the parents' derivative claims for these elements of damage to the single "each person" coverage available to Monica, the only person who sustained bodily injury.

The policy language, taken as a whole, is not ambiguous. Paragraph 3 of the Limits of Liability section clearly states that the insurer will pay no more than the stated "maximums" *regardless* of the number of *insured persons, claims,* or *claimants.* The word "maximums" in paragraph 3 refers to a single bodily injured person (paragraph 1) and to two or more bodily injured persons (paragraph 2). The statement that Farmers will pay no

more than these maximums, regardless of the number of insureds, claims, or claimants, clearly establishes its limits at $100,000, where only one person has sustained bodily injury.

We conclude that the policy language is not ambiguous, and that the restriction on coverage is effective.

The judgment will be affirmed.

*Judgment affirmed.*

KERNS, P.J., and BROGAN, J., concur.