## Shalosky
## v.
## Welling
*[Cite as 2 AOA 218]*

Case No. 89-CA-19
Coshocton County, (5th)
Decided May 11, 1990

John R. Welling, 309 Main Street, Coshocton, Ohio 43812, For Plaintiff-Appellee.

*William H. Jones, John C. Albert, 2500 One Nationwide Plaza, Columbus, Ohio 43215, For Defendant-Appellant.*

SMART, J.

This is an appeal from a summary judgment of the Court of Common Pleas of Coshocton County, Ohio, in favor of plaintiff-appellee Mark A. Shalosky, administrator of the estate of Billy A. Shalosky, deceased (administrator), and against defendant-appellant Nationwide Insurance Company (insurance company), insurer of defendant John R. Welling.

The parties stipulated to the pertinent facts: the decedent was a two year old child killed in an automobile-pedestrian accident. Seven persons survive him and claim damages arising out of his death. Administrator brought this declaratory judgment action to determine the limits of coverage under the insurance policy in effect between defendant Welling, the driver of the automobile, and the insurance company. The parties filed cross-motions for summary judgment; at first, the trial court found in favor of the insurance company, and determined that the single person limits ($50,000.00) applied. Thereafter, the trial court vacated that order and held that based upon the language in the policy that per occurrence limits ($100,000.00) applied. This appeal ensued.

Insurance company assigns a single error to the trial court:

THE LOWER COURT ERRED IN ITS POLICY INTERPRETATION SO AS TO FIND THE APPROPRIATE LIMIT OF LIABILITY IS ONE HUNDRED THOUSAND DOLLARS ($100,000) INSTEAD OF FIFTY THOUSAND DOLLARS ($50,000).

The applicable language states:

"LIMITS OF PAYMENT

AMOUNTS PAYABLE FOR LIABILITY LOSSES. Our obligation to pay property damage or bodily injury liability losses is limited to the amounts per person and per occurrence in the attached Declarations. The following conditions apply to these limits:

\* \* \*

"2. For bodily injury liability, limits shown for any one person are for all legal damages claimed by anyone for bodily injury or loss of services of one person as a result of one occurrence. The total limit of our liability shown for each such occurrence is for all damages sustained by two or more persons."

In the case of *Tomlinson v. Skolnik* (1989), 44 Ohio St. 3d 11, the Supreme Court held:

"An insurance policy provision that limits recovery for all causes of action arising out of or because of bodily injury to one person to a single limit of liability is a valid restriction of automobile liability insurance coverage." (*Dues v. Hodge* [1988] 36 Ohio St. 3d 46, 521 N.E. 2d 789, para. 2 of the syllabus explained and followed.)

Syllabus by the court, para. 1.

The issue for us, as for the trial court, is whether the language in this policy does limit recovery for all causes of action out of bodily injury to one person to a single limit of liability. The trial court found that this particular language does not so limit the recovery and we agree.

The trial court relied upon the recently decided Supreme Court case of *Cincinnati Ins. Co. v. Phillips* (1989), 44 Ohio St. 3d 163. The insurance company urges that the trial court erred in its interpretation of the above quoted contract language, based upon *Phillips*, and that the per person limit should control.

The policy in both *Tomlinson* and *Phillips* contains identical language:

"A2. SPLIT LIABILITY LIMITS.

"The limit of liability shown in the Declarations for 'each person' for Bodily Injury Liability is our maximum limit of liability *for all damages for bodily injury sustained by any one person in any one auto accident.* Subject to this limit for 'each person' the limit of liability shown in the Declarations for 'each accident' for Bodily Injury Liability is our maximum limit of liability for all damages for bodily injury resulting from any one auto accident. The limit of liability shown in the Declarations for 'each accident' for Property Damage Liability is our maximum limit of liability for all damages to all property resulting from any one auto accident. This is the most we will pay regardless of the number of:

"1. Covered persons;

"2. Claims made;" (Emphasis added.)

*Phillips* at 165.

In *Burris v. Grange Mutual Cos.* (1989), 46 Ohio St. 3d 84, the Supreme Court held:

"The limits of liability coverage in an automobile liability policy that provides for "each person" a maximum limit of coverage for all damages for bodily injury, including death, sustained by one person as the result of any one occurrence, are determined by the number of persons injured or killed in any one accident, not by the number of persons incurring damages as a result of the injuries or death to the persons actually in the accident.

Syllabus by the court, para. 2.

"The pertinent language in *Burris* is as follows:

"Limits of Liability: The limit of bodily injury liability stated in the declarations as applicable to 'each person' is the limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury sustained by one person as the result of any one occurrence; the limit of such liability stated in the declarations as applicable to 'each occurrence' is, subject to the above provision respecting each person, the total limit of the company's liability for all such damages arising out of bodily injury sustained by two or more persons as the result of any one occurrence." *Burris*, at 87.

The language in the policies in *Burris*, *Phillips*, and *Tomlinson* clearly incorporates all damages anyone can legally sustain into the "each person" limit. For example, the *Burris* language specifies that "damages" include damages for care and loss of services.

The language in the policy before us states that the limits are for bodily injury *or* loss of services. The use of the disjunctive "or" rather than the conjunctive "and" or "and/or" indicates to us that this language differentiates the two rather than incorporates them into one.

We reach this conclusion bases upon the rules of construction and interpretation applicable to contracts generally, *Gomolka v. State Automobile Ins. Co.* (1982), 70 Ohio St. 2d 166. As our Supreme Court told us in *Karabin v. State Automobile Mutual Ins. Co.* (1984), 10 Ohio St. 3d 163, we are bound to use the plain and ordinary meanings of language in an insurance policy.

Insurance company invites us to ask "how many persons sustained bodily injury," urging that the answer to this question is "one person." However, this deals with only the first half of the disjunctive. When we ask "how many person sustained bodily injury *or* loss of services of one person," the answer is clearly "more than one person."

For this reason, we distinguish the above-cited supreme court cases.

We hold that although a policy of insurance may validly restrict coverage for all damages arising out of bodily injury to a single limit of liability, this policy does not do so.

The assignment of error is overruled.

For the foregoing reasons, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is affirmed.

*Judgment affirmed.*

HOFFMAN, P.J. and GWIN, J. Concur.