## Erie Insurance Group v. Butner
*[Cite as 4 AOA 124]*

*Case No. CA-8003*
*Stark County, (5th)*
*Decided June 4, 1990*

*David B. Spalding, William B. Shetler & Assoc. 950 South Sawburg, Alliance, Ohio 44601, for Plaintiff-Appellant.*

*T. Keith Randall, 502 Bank One Building, Alliance, Ohio 44601-2496, for Defendants-Appellees.*

MILLIGAN, P.J.

The appellant failed, in both his brief and his reply brief, to comply with the provisions of Local App. R. 4.

This is a declaratory judgment action filed by Erie Insurance Group (Insurance Company) against its insureds, Lonnie B. Butner, Susan R. Butner, and their named children (insureds).

Following the trial court's overruling of mutual motions for summary judgment, the Stark County Common Pleas Court granted reconsideration based upon subsequent decisions of the Ohio Supreme Court, i.e. *Tomlinson v. Skolnik* (1989), 44 Ohio St.3d 11, 550 N.E.2d 716, and *Cincinnati Ins. Co. v. Phillips* (1989), 44 Ohio St.3d 163, 541 N.E.2d 1050. The court went on to find the language of the policy ambiguous, to construe the policy against the Insurance Company, and rule:
"For the foregoing reasons, the Court does not feel that the language of *Tomlinson* is controlling in the present case. The Court finds that the language of the policy is ambiguous and further, in construing the language liberally in favor of the insured where the language is reasonably susceptible to more than one interpretation, the Court finds that the defendants are entitled to a summary judgment and that the defendants in the present case are entitled to a declaratory judgment in their favor, finding that they do have a demand pursuant to the "per

accident" limitation of the underinsured motorist coverage on the subject policy.

Trial court judgment."[1]

Insurance Company appeals assigning two errors:

"ASSIGNMENT OF ERROR NO. I
"THE TRIAL COURT ERRED IN FINDING THAT THE DEFENDANT-APPELLEES HAVE A DEMAND PURSUANT TO THE 'PER ACCIDENT' LIMITATION OF UNDER-INSURED MOTORIST COVERAGE ON ERIE'S POLICY BECAUSE THE 'PER ACCIDENT' LIMITATION ON THE POLICY HAS BEEN MADE 'SUBJECT TO' THE 'EACH PERSON' LIMITATION WHICH RESTRICTS SEPARATE LIMITS OF PRO-TECTION 'FOR BODILY INJURY TO ONE PERSON IN ANY ONE ACCIDENT.'

"ASSIGNMENT OF ERROR NO. II
"THE TRIAL COURT ERRED IN ITS INTER-PRETATION OF THE SUBJECT POLICY BY OMITTING THE WORDS 'FOR BODILY INJURY' FROM BOTH THE 'EACH PERSON' AND THE 'EACH ACCIDENT' LIMIT OF PROTECTION."

Lonnie Butner was injured in an intersection collision wherein he was a passenger in an auto driven by David Fornash. The operator of the other vehicle was Nick Toussant. Fornash and Toussant were both insured by Erie Insurance Group, plaintiff-appellant herein.

Lonnie Butner executed a partial settlement pursuant to Toussant's policy in an amount of $42,083.34. Lonnie Butner then presented an underinsured motorist claim pursuant to Fornash's policy, as an insured passenger. The underinsured motorist coverage in Fornash's policy was $50,000 for each person and $100,000 for each accident.

The insurance company paid an additional sum of $7,916.60 under the underinsured coverage, bringing the total to $50,000. The present controversy involves a claim of Butner, his wife, and his two children against Fornash. *Butner, et al. v. Fornash*, Stark County Common Pleas Court, Case No. 88-1673, filed October 14, 1988. In count two thereof, Susan Butner, wife, claims loss of consortium and prays $500,000 damages. In count three, the children claim loss of compan-ionship, etc., and pray judgment of $30,000.

The insurance company, in the within declaratory judgment action, prays that the court determined the claims of the wife and children are derivative claims, that derivative claims would not constitute a bodily injury claim sepa-rate and apart from the bodily injury sustained by Lonnie B. Butner within the meaning of the policy, that the respective claims of all defen-dants collectively is subject to the 'each person' underinsured motorist limit of $50,000 and that the 'each person' limit of underinsured motorist coverage has been exhausted.

The uninsured/underinsured motorists coverage writer provides as follows:

"LIMITS OF PROTECTION
"We will pay no more than the limit(s) shown on the Declarations for one auto. It makes no difference how many persons we protect, autos we insure, claims are made or autos are involved in the accident.

"SPLIT LIMITS
"(1) 'EACH PERSON' This is the most we will pay for bodily injury to one person in any one accident.

"(2) 'EACH ACCIDENT' Subject to the limit for '"EACH PERSON' this is the most we will pay for bodily injury to all persons resulting from any one accident."

The declarations page recites:

"BODY INJ LIMITS $50 M/PERSON $100 M/ACC"

The bodily injury liability provision recites:

"The amount shown for 'EACH PERSON' is the most we will pay for bodily injury to one person as the result of one accident. Subject to the limit for 'EACH PERSON' the amount shown for 'EACH PERSON' is the most we.will pay for bodily injury to all persons resulting from any one accident."

I

In the first assignment of error, appellants argue that the wife and children have derivative claims. Because the "per accident" limitation in the policy ($100,000 per accident) is made "subject to" the "each person" limitation as de-fined in the policy, the total amount available for the primary claim and the derivative claim is the one person amount ($50,000).

The Supreme Court continues to wrestle with the issues surrounding extent of unin-sured/underinsured coverage. In *Tomlinson v. Skolnik* (1986), 44 Ohio St.3d 11, 540 N.E.2d 716, the court pronounced:

"1. An insurance policy provision that limits recovery for all causes of action arising out of or because of bodily injury to one person to a single limit of liability is a valid restriction of automo-bile liability insurance coverage. (*Dues v. Hodge*

[1988], 36 Ohio St.3d 46, 521 N.E.2d 789, paragraph two of the syllabus, explained and followed.)

"2. Absent a definitional provision in the insurance policy to the contrary, a claim for loss of consortium, deriving from bodily injury sustained by a spouse, is not a separate bodily injury for purposes of the single person limit of liability of an automobile liability insurance policy." *Tomlinson, supra,* syllabi.

*Tomlinson, Cincinnati Ins. Co.,* and *Dues v. Hodge* (1988), 36 Ohio St.3d 46, 521 N.E.2d 789, leave no doubt that claims for loss of consortium and services are *derivative* claims. They have no vitality or integrity absent the primary claim of the injured party.

The policy in *Tomlinson* is remarkably similar to that in the case *sub judice:*

"LIABILITY COVERAGE *We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident.* We will settle or defend as we consider appropriate, any claim or suit asking for these damages. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted."

"Covered person" as used in this Part means:

"1. You or any family member for the ownership, maintenance or use of any auto or trailer.

"* * *

"LIMIT OF LIABILITY *The limit of liability shown in the Declarations for 'each person' for Bodily Liability is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one auto accident.* Subject to this limit for 'each person', the limit of liability shown in the Declarations or in this endorsement for 'each accident' for Bodily Injury Liability is our maximum limit of liability for all damages for bodily injury resulting from any one auto accident." (Emphasis in original).

The majority in *Tomlinson* observed:

"Although many semantic hairs have been split by the parties and lower courts regarding this language, appellee Tomlinson does not have a *separate* claim for an amount over and above the amount paid to her husband under this policy quite simply because any damage she suffered was not a separate 'bodily injury sustained by [her] * * * *in* any one auto accident.'" (Emphasis in original). *Tomlinson,* at 13.

The court concluded that the error of the Court of Appeals was in concluding that the loss of consortium was a separate "bodily injury" under the policy.

The dissent in *Tomlinson* fashions an appealing argument. Essentially, it argues that the claim of the spouse for loss of consortium is not a "bodily injury" claim. In this they agree with the majority. They then argue that the spouse is entitled to recovery to the maximum limit of liability precisely because the consortium claim is not a bodily injury claim.

Applying that rationale to the case *sub judice,* we observe that this policy specifically limits the undertaking of the insurance company to "bodily injury:"

"OUR PROMISE

"We will pay damages that the law entitles you or your legal representative to recover from the driver or owner of an uninsured motor vehicle. Damages must result from an accident arising out of the ownership or use of the uninsured motor vehicle. Damages must involve bodily injury which means physical harm, sickness, disease or resultant death."

This language, coupled with the rationale of the majority in *Tomlinson,* and the significant similarity between the language of the policy in *Tomlinson* and the policy here, persuades us that the trial court erred in its conclusion of law.

The policy here is no more ambiguous than the policy in *Tomlinson.* The language is essentially the same.

Upon the authority of *Tomlinson, Cincinnati Ins. Co., Dues,* and *Burris v. Grange Mutual Co.* (1989), 46 Ohio St.3d 84, 545 N.E.2d 83, we conclude that the "each person" limitation upon the "per accident" provisions of the policy limit the total recovery, when there is only one personal injury, to the amount available to compensate for personal injuries, to wit, $50,000.

The first assignment of error is sustained.

II

For the reasons stated above, we sustain the second assignment of error.

Consistent with the provisions of App. R. 12(B), we enter the judgment that the trial court should have entered.

Upon the facts and circumstances of the extant policy issued by Erie Insurance Group to David Fornash, the limit of liability to the plaintiffs in the aggregate is $50,000.

*Judgment reversed.*

HOFFMAN, J., and GWIN, J., concur.

[1] In the absence of a stipulation by the trial court that the supplications on summary judgment constitute all the evidence in the case, and the parties agree to submit it on the summary judgment material, a summary judgment that does not recite that "reasonable minds can come to but one conclusion... adverse to the party against whom the motion for summary judgment is made," is contrary to law, i.e. "ambiguity" acknowledges a material fact dispute, not generally resolvable by summary judgment.