**Vance v. Sang Chong, Inc.**
*[Cite as 8 AOA 676]*

*Case No. 88-L-13-188*
*Lake County, (11th)*
*Decided November 9, 1990*

*Patrick J. Perotti and William P. Lang, Dworken & Bernstein Co., L.P.A., 153 E. Erie Street, #304, Painesville, Ohio 44077, for Plaintiff-Appellant.*

*George W. Lutjen, Davis and Young Co., L.P.A., 1700 Midland Building, Cleveland, Ohio 44115, for Defendant-Appellee.*

CHRISTLEY, P.J.

Hile Vance suffered fatal injuries when his vehicle was struck by a truck being driven by an employee of appellee, Sang Chong, Inc. Appellant, Linda Vance, Hile's wife, filed suit both as the executrix of Nile's estate and as an individual, and brought three causes of action, namely: survivorship pursuant to R.C. 2305.21; wrongful death pursuant to R.C. 2125.01; and for negligent infliction of emotional distress.

The parties stipulated that appellee's employee was negligent and submitted the case to the trial court to decide the extent of coverage under the terms of appellee's policy with Cincinnati Insurance Company. On September 8, 1988, the court entered judgment that the language of the policy limited coverage to $100,000 total for all three causes of action.

On October 5, 1988, appellant timely filed a notice of appeal. Appellant has not set forth assignments of error in accordance with App. A. 16(A)(2) and Local Rule VIII(C)(1). A review of appellant's brief shows that she generally states that:

"THE TRIAL COURT ERRED IN DETERMINING THE EXTENT OF COVERAGE AVAILABLE HEREIN."

Appellant's various arguments found under this broad, general heading will be addressed herein.

Also, this court would note that at the time this case was heard before this court, the court and the parties agreed to postpone a decision in this matter pending the Ohio Supreme Court's reconsideration of *Cincinnati Ins. Co. v. Phillips* (1990), 52 Ohio St. 3d 162.

Additional briefing was submitted by both parties on that decision.

Appellant's main argument is that under appellee's insurance contract, she is entitled to a $300,000 total recovery, that is, a separate $100,000 recovery on each of her three causes of action. Appellee agrees that appellant's three claims are all separate causes of action, but argues that by the terms of the policy, appellant's total recovery for all three causes of action is limited to $100,000.

The relevant policy language is as follows:

| | | |
|---|---|---|
| Bodily Injury Liability | $100,000. | Each person |
| | $300,000. | Each Accident |
| Property Damage Liability | $ 50,000. | Each Accident |

OUR LIMIT OF LIABILITY is changed to read:

"A. Regardless of the number of covered autos, insureds, claims made or vehicles involved in the accident, our limit of liability is as follows:

"1. The most we will pay for all damages resulting from bodily injury to any one person caused by any one accident is the limit of Bodily Injury Liability shown in this endorsement for 'each person.'

"2. Subject to the limit for 'each person,' the most we will pay for all damages resulting from bodily injury caused by any one accident is the limit of Bodily Injury Liability shown in this endorsement for 'each accident.'

"3. The most we will pay for all damages resulting from property damage caused by any one accident is the limit of Property Damage Liability shown in this endorsement.

"B. All bodily injury and property damage resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one accident."

The lower court held that the "plain and ordinary meaning" of the relevant language compelled the conclusion that where only one person, the decedent, Hile Vance, suffered bodily injury, the coverage available for all three claims is limited to $100,000. When the language in an insurance contract has a plain and ordinary meaning, it is neither necessary nor permissible for a court to resort to construction of that language. See, *Travelers Indemnity Co. v. Reddick* (1974), 37 Ohio St. 2d 119, 121; and *Karabin v. State Automobile Mut. Ins. Co.* (1984), 10 Ohio St. 3d 163, 166-

167, and *Tomlinson v. Skolnik* (1989), 44 Ohio St. 3d 11, 12.

Appellant argues that the policy can be read to provide for $100,000 to any one person for all damages resulting from bodily injury. Appellant argues that this means she is entitled to $300,000 or $100,000 on each of her three claims.

In the recent decision, *Cincinnati Ins. Co., supra,* at 166, the Ohio Supreme Court ruled in a plurality opinion that when separate claims for personal injury/survivorship and wrongful death are made:

"*** each person entitled to recover damages pursuant to R.C. 2125.02 for wrongful death has a separate claim and such separate claims may not be made subject to the single-person limit of liability in a tortfeasor's liability insurance policy." (J. Sweeney plurality opinion.)

Although Justice Brown concurred on a different basis, we feel the policy language causing his concurrence is the same as in the present case, the Supreme Court would conclude that the appellant could pursue her claims for survivorship and wrongful death, each for a separate recovery of up to $100,000. In this respect, we reverse the trial court.

As to appellant's emotional distress and mental anguish claimed, we affirm the trial court's ruling. Appellant argues that her emotional distress and mental anguish should be recognized as "bodily injury" caused by the accident. Pursuant to the terms of the policy, "'Bodily Injury' means bodily injury, sickness or disease including death resulting from any of these." Appellee maintains that emotional distress and mental anguish are not "bodily injuries" as defined by the policy.

In *Dues v. Hodge* (1988), 36 Ohio St. 3d 46, the court considered whether or not the language in an insurance contract could be interpreted to allow separate uninsured motorist coverage for the derivative action of negligent infliction of serious emotional distress. The *Dues* court stated, at 48:

"It is well-established that language in an insurance policy must be read strictly in favor of the insured. The policy makes clear that State Farm intended to provide a maximum of $100,000 uninsured motorist coverage for each accident involving bodily injury to one person. A derivative action clearly stems from a single accident or occurrence. Indeed,

the derivative actions would not exist but for the primary action. Therefore, we find the language of State Farm's policies limited coverage to $100,000 for all actions arising from a single accident or occurrence involving bodily injury to one person."

The *Dues* court would not permit additional coverage for the derivative action.

This court also notes that the Supreme Court has stated that "'(t)he words 'bodily injury' are commonly and ordinarily used to designate an injury caused by external violence ***.'" *Tomlinson, supra,* at 14, citing *Burns v. Employers' Liability Assurance Corp. Ltd.* (1938), 134 Ohio St. 222, 233. The *Tomlinson* court was considering a claim for loss of consortium and held that:

"*** absent a definitional provision in the insurance policy to the contrary, a claim for loss of consortium, deriving from bodily injury sustained by a spouse, is not a separate bodily injury for purposes of the single person limit of liability of an automobile liability insurance policy." *Id.* at 15-16.

The *Tomlinson* court stated that "(a)lthough the wife of a husband who has been incapacitated suffers great pain and endures constant anguish *** such physical manifestations do not render a claim for loss of consortium a 'bodily injury' as that term is commonly understood." *Id.* at 14.

In this case, appellant, the decedent's wife suffered severe and extreme emotional distress. However, it cannot be said that she suffered "bodily injury" as contemplated by the insurance agreement. Furthermore, since appellant's husband Nile was the only person who suffered "bodily injury" in the accident, appellant's claim for emotional distress is a derivative action and subject to the coverage limits of $100,000 for damages resulting from bodily injury to any one person. *Dues, supra.*

In support of her arguments, appellant cites *Wood v. Sheppard* (1988), 38 Ohio St. 3d 86, wherein the court held:

"*** each person entitled to recover damages pursuant to R.C. 2125.02 for wrongful death, *and who is an insured* under an underinsured motorist provision in an insurance policy, has a separate claim and such separate claims may not be made subject to the single person limit of liability in the underinsured motorist provision." *Id.* at 91. (Emphasis added.)

However, *Wood* is not applicable because in *Wood,* all three claimants were "covered persons under the policy." *Cincinnati, supra,* at 166. In this case, appellants are not insureds under the policy, only appellee is a named insured.

Moreover, the facts in the present case differ from those in *Cincinnati Insurance, supra.* The spouse in *Cincinnati Insurance, supra,* was a passenger in the vehicle and was permitted to pursue her own claim for personal injuries. As previously stated, appellant was not present at the time of the accident and her emotional distress was in reaction to her husband's bodily injury. Therefore, the recent Supreme Court decision has no application to this aspect of the case.

. The judgment of the trial is reversed only as to the issue of survivorship and wrongful death claims; and is remanded for action by the trial court consistent with this opinion.

MAHONEY, J., and FORD, J., concur.