OPINION
Plaintiff-appellant Judith Starcher, Individually and as Executor of the Estate of Donald C. Crist, deceased, appeals the December 19, 1997 Judgment Entry of the Licking County Court of Common Pleas which granted the motion for summary judgment of defendant-appellee State Farm Mutual Automobile Insurance Company and dismissed appellant's claim with prejudice.
 STATEMENT OF THE FACTS AND CASE
On September 25, 1997, appellant's father, Donald C. Crist, was injured in an automobile accident in Newark, Ohio. Mr. Crist died on October 6, 1994, as a result of injuries sustained in the accident. Appellant made a claim against Willard J. Shelly, the at-fault party in the accident. On August 21, 1996, appellant settled her claim with Shelly's insurer, Nationwide Insurance Company (hereinafter "Nationwide"). Nationwide paid its policy limits of $250,000 to appellant as the Executor of the Estate of Donald C. Crist. The settlement was made with appellee's prior consent.
Appellant and her husband were the policy owners and named insureds under two policies of automobile insurance issued by appellee. Each policy contained underinsured motorist coverage in the amount of $100,000 per person/$300,000 per accident. Each of those policies contained the following anti-stacking provision:
"If There is Other Similar Coverage
 "1. If Other Policies Issued By Us To You Apply
 If two or more motor vehicle liabilities issued by us to you providing uninsured motor vehicle coverage apply to the same accident, the total limits of liability under such policies shall not exceed that of the policy with the highest limit."
Appellant filed suit against appellee to recover under the underinsured motorist coverage of the two policies issued to her and her husband. Appellee filed a motion for summary judgment asserting: 1) the estate was not a proper party to the lawsuit; 2) the anti-stacking language of the policies limited appellant to a single potential recovery against appellee of $100,000; and 3) that appellant's cause of action for underinsured motorist coverage accrued after the effective of date of S.B. 20 (October 20, 1994) thereby allowing the settlement paid by Nationwide to be set-off against appellee's underinsured motorist limits.
The trial court issued its Memorandum of Decision granting appellee's motion for summary judgment in full and directed counsel for appellee to prepare a judgment entry for approval. On December 19, 1997, the trial court filed its judgment entry dismissing appellant's claims with prejudice. It is from that judgment entry appellant prosecutes this appeal assigning as error:
 I. THE TRIAL COURT ERRED IN FINDING THAT THE ACTION COULD NOT BE MAINTAINED BY THE EXECUTOR OF THE ESTATE.
 II. THE TRIAL COURT ERRED IN FINDING THE POLICIES WERE NOT VAGUE AND AMBIGUOUS.
 III. THE TRIAL COURT ERRED IN FINDING THAT THE UNDERINSURED MOTORIST'S CLAIM AROSE ON THE DATE THE CLAIM AGAINST THE THIRD PARTY WAS SETTLED RATHER THAN THE DATE OF ACCIDENT.
 I
Appellant recites no case law exists directly on point as to the issue raised in this assignment of error. Appellant notes R.C. 2125.02(A)(1) requires an action for wrongful death be prosecuted by the executor of the decedent's estate. Appellant reasons because the purpose of her action is to recover damages due to Mr. Crist's wrongful death, R.C. 2125.02(A) would appear to apply. Appellant argues the rational expressed by the Ohio Supreme Court in In re: Estate of Reeck (1986), 21 Ohio St.3d 126, although concededly not directly on point, supports her position the action is properly maintained by her as executor of the estate. We disagree.
As noted by appellee, In re: Estate of Reeck involved a claim for the death of an insured. In the case sub judice, Mr. Crist was not an insured under either of the two policies issued by appellee. Appellant's action is for insurance claimed due under a contract between appellee, and her and her husband. Mr. Crist was neither a party to that insurance contract, a named insured therein, nor a beneficiary thereunder. We agree with the trial court the estate of Donald Crist was not a proper party to the lawsuit.
Appellant's first assignment of error is overruled.
 II
The underinsured coverage section of the two policies issued to appellant contained the anti-stacking provision noted in I,supra. Appellant argues the policies have identical coverage limits, and "there is no `policy with the highest limit,' since both policies have the same limit." (Appellant's Brief at 9, emphasis in original). As such, appellant argues the "highest" limit language is ambiguous. Appellant concludes, when construing the policy liberally in favor of the insured per the mandate ofMunchick v. Fidelity Casualty Co. (1965), 2 Ohio St.2d 303, appellee's exposure is a total of the two policies or $200,000. We disagree.
We find no ambiguity with regard to the "highest limit" language of the two policies. In Dues v. Hodge (1988), 36 Ohio St.3d 46, the Ohio Supreme Court approved anti-stacking language in State Farm policies having the same limits of liability. InSavoy v. Grain Mutual Insurance Co. (1993), 67 Ohio St.3d 500, the Ohio Supreme Court limited Dues to apply only to intra-family stacking. We find, as did the trial court, Dues applies to the two policies herein and the intra-family, anti-stacking language limits appellee's exposure in this case to $100,000. We note our brethren from the Third District came to the same conclusion inDonovan v. State Farm Auto. Ins. Co. (1995), 105 Ohio App.3d 282.
Appellant's second assignment of error is overruled.
 III
Both policies contained the following exhaustion provision:
 There is no coverage until the limits of liability of all bodily injury liability bonds and policies that apply have been used up by payment of judgments or settlements.
Appellee argued, and the trial court agreed, appellant's cause of action for underinsured motorist coverage accrued in August, 1996, when Mr. Crist's estate reached a settlement with the tortfeaser's insurer, Nationwide, for the limits available under Nationwide's policy. Because the settlement took effect after the effective date of S.B. 20, the trial court determined S.B. 20, not Savoy, supra, applies. The trial court concluded, when applying the current language of R.C. 3937.18, appellant was excluded from recovery under the two policies issued by appellee because the policy limits are offset in toto by the settlement with Nationwide. We disagree.
In Webb v. Coronet Insurance Group (Dec. 9, 1996), Stark App. No. 96-CA-00141, unreported, we found the plaintiff's claim for underinsured motorist coverage accrued on the date of the accident. Upon revisiting this issue, we adhere to our decision in Webb although we recognize the opposite decision was reached by the Second District Court of Appeals in Ross v. Farmers Ins. Group
(Jan. 10, 1997), Montgomery App. No. CA-15865, unreported. As such, Savoy applies and appellee's exposure in the case sub judice
is $100,000 per person/$300,000 per occurrence.
Appellant's third assignment of error is sustained.
The judgment of the Licking County Court of Common Pleas is affirmed in part and reversed in part.
By: Hoffman, J., Gwin, P.J. and Reader, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed in part and reversed in part and the case remanded to that court for further proceedings in accordance with our opinion and the law. Costs assessed to appellee.