DECISION
Plaintiff-appellant, Vicki L. Stephenson, individually and as the administrator of the estate of Bruce Stephenson, appeals the decision of the trial court granting defendant-appellee, Grange Mutual Casualty Company, summary judgment. For the following reasons, we affirm.
On August 25, 1996, appellant's husband and decedent, Bruce W. Stephenson, was killed while driving a motorcycle that was struck by an automobile driven by an uninsured motorist. At the time, the decedent was an insured under the uninsured motorist provisions of a motorcycle insurance policy. The policy provided uninsured motorist coverage with limits of $100,000 each person and $300,000 each accident. Moreover, pursuant to R.C. 3937.18(H) (as enacted by Am.Sub.S.B. 20 in 1994 ["S.B. 20"]), the policy also contained specific language limiting appellee's liability to the single per-person limit for all claims arising from a single accident involving bodily injury to one person. Under this provision, appellee concluded that all claims arising out of the wrongful death of the decedent constituted a single claim under the policy and paid appellant $100,000.
On December 28, 1998, appellant filed suit against appellee in the Franklin County Court of Common Pleas seeking a declaration that the policy's provision purporting to consolidate all claims resulting from or arising out of any one person's wrongful death to the single per-person limit violates Sections 16 and 19a, Article I, Ohio Constitution. Appellant also sought a declaration that her personal claim for negligent infliction of emotional distress constituted a direct claim entitling her to an independent recovery up to the per-person limit of $100,000 separate and apart from the wrongful death claims arising from the death of the decedent.
The parties filed cross-motions for summary judgment. On November 18, 1998, the trial court granted summary judgment in favor of appellee. The trial court held that the policy's provision limiting all claims arising out of the decedent's death to the single per-person limit was not unconstitutional. The trial court also held that appellant's negligent infliction of emotional distress claim fell within this provision. It is from this judgment entry that appellant appeals raising the following two assignments of error:
Assignment of Error Number One
 The trial court erred in granting summary judgment in favor of Grange Mutual Insurance Company because policy language purporting to limit uninsured motorist coverage for wrongful death claims to a single per person limit are unenforceable.
Assignment of Error Number Two
 The trial court erred by finding that a surviving spouse's claim for negligent infliction of emotional distress is consolidated with wrongful death claims and restricted to a single per-person limit of liability in an uninsured motorist policy.
In her first assignment of error, appellant challenges the trial court's decision finding that the policy language limiting uninsured motorist coverage for wrongful death claims to the single per-person limit is constitutional. In particular, while conceding that such limiting language was authorized by the applicable provisions of R.C.3937.18(H), appellant contends that R.C. 3937.18
(H), as applied to wrongful death claims, violates the "right to a remedy" provision of Section 16, Article I, Ohio Constitution and the prohibition against limiting damages for wrongful death found in Section 19a, Article I, Ohio Constitution. According to appellee, each beneficiary of the wrongful death claim is entitled to a separate per-person recovery up to the $300,000 total per-accident limit.
This court, however, has recently held that the relevant provisions of R.C. 3937.18(H), as applied to wrongful death claims, do not violate either Sections 16 or 19a, Article I, Ohio Constitution. Carrier v. State Farm Mut. Auto. Ins. Co. (Sept. 16, 1999), Franklin App. No. 98AP-1291, unreported (1999 Opinions 3536); see, also, Alrjub v. Wheeler (June 30, 1999), Franklin App. No. 98AP-1270, unreported (1999 Opinions 1996) (holding that R.C.3937.44, a provision substantially similar to R.C. 3937.18[H], did not violate Section 19a, Article I, Ohio Constitution, in context of wrongful death claims); Scancarello v. Erie Ins. Co. (July 25, 1996), Franklin App. No. 96APE02-166, unreported (1996 Opinions 3092) (holding that R.C. 3937.18[H] did not violate Section 16, Article I, Ohio Constitution, in context of wrongful death claims). Accordingly, appellant's first assignment of error is not well-taken and is overruled.
In her second assignment of error, appellant contends that the trial court erred in ruling that her negligent infliction of emotional distress claim also shares the same $100,000 per-person limitation for all claims arising out of a single bodily injury (including death) of a person. According to appellant, as a witness to her husband's accident and death, she has an independent, direct claim for negligent infliction of emotional distress and, as such, her claim is not derivative of the decedent's death but is a claim to recover for her own injuries.
Appellant primarily relies upon the 1996 Ohio Supreme Court case of Schaefer v. Allstate Ins. Co. (1996), 76 Ohio St.3d 553, in which the court held that a spouse's loss of consortium claim was entitled to a separate per-person policy limit despite language in the policy purporting to consolidate such claims into the single per-person limit. In so doing, the court overruled its prior decisions in Dues v. Hodge (1988), 36 Ohio St.3d 46, andTomlinson v. Skolnik (1989), 44 Ohio St.3d 11, in which the court had held that provisions limiting recovery for all such claims, including derivative claims, to a single per-person limit were valid restrictions. The Schaefer court ruled that, pursuant to its landmark decision in Savoie v. Grange Mut. Ins. Co. (1993),67 Ohio St.3d 500, language in a policy attempting to consolidate separate claims, including "derivative" claims, to the single per-person limit were against public policy, even though such claims arose from only a single bodily injury to a single person.Schaefer, supra, at 557 ("we believe that the logic of the decision in Savoie should now be applied to loss of consortium claims in personal injury cases"). Appellant contends that, based upon this reasoning, she has a separate claim subject to a separate per-person policy limit. Cf. Bernard v. Cordle (1996),116 Ohio App.3d 116, 123 (court noted in dicta that pursuant toSchaefer, claimant's negligent infliction of emotional distress claim was subject to a separate per-person policy limit).
However, the entire purpose of S.B. 20 (effective October 20, 1994), was to legislatively overrule the holding ofSavoie, including its prohibition against insurers consolidating claims arising out of a single bodily injury to the single per-person limit. See R.C. 3937.18(H); Scancarello, supra; see, also, Beagle v. Walden (1997), 78 Ohio St.3d 59. By implication,Schaefer, as an extension of Savoie, was also overruled by S.B. 20. See Francis v. McClandish (Apr. 19, 1999), Athens App. No. 98CA21, unreported ("this legislative superseding of Savoie [S.B. 20] also has an impact on the viability of Schaefer, considering that Schaefer represented an extension of Savoie's holding to loss of consortium claims"). Thus, S.B. 20 (in particular, the enactment of R.C. 3937.18[H]) returned the law of Ohio to where it was pre-Savoie and pre-Schaefer. See, e.g., Francis, supra (under policy language made effective after effective date of S.B. 20,Schaefer no longer applied to prohibit insurer from consolidating all claims, including loss of consortium claims, to the single per-person limit under policy).
Under such authority, negligent infliction of emotional distress claims may be consolidated, by appropriate policy language, with all other claims arising out of a single bodily injury and subject to the single per-person limit under the policy. See Dues, supre, at 48-49 (mother's negligent infliction of emotional distress claim arising out of son's death was subject to the single per-person limit);Vance v. Sang Chong, Inc. (Nov. 9, 1990), Lake Appe. No. 88-L-13-188, unreported (appellant's claim for emotional distress was a derivative action and subject to the coverage limit for damages resulting from bodily injury to any one person). Here, the language of appellee's policy clearly indicates that its maximum limit of liability for any single bodily injury is $100,000. Thus, the trial court did not err in granting summary judgment on this claim. Appellant's second assignment of error is not well-taken and is overruled.
For the foregoing reasons, appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
DESHLER and PETREE, JJ., concur.