OPINION
Sean Campbell appeals from a summary judgment for Victoria Insurance Group ("Victoria") on Campbell's complaint for declaratory judgment. Campbell had asked the trial court to declare that Victoria, his insurer, is obligated to provide uninsured motorist coverage for his loss of consortium claim.
Kara Campbell, Sean Campbell's spouse, suffered bodily injuries in a motor vehicle accident on March 1, 1997. The tortfeasor owned a policy of automobile liability insurance issued by Allstate Insurance Company. ("Allstate"). The policy provided liability coverage of $12,500 per person up to a maximum of $25,000 per occurrence.
Kara Campbell sought and was paid $12,500 from Allstate on her claim for bodily injuries. Allstate declined to pay Sean Campbell's claim for his loss of the consortium that resulted from his wife's bodily injuries. Allstate relied on a provision in its policy which limits "the maximum we will pay for damages because of bodily injury sustained by one person in any single accident involving an insured auto, including damages sustained by anyone else as a result of bodily injury" to its policy's per person limit. Allstate had paid that limit to Kara Campbell.
Sean Campbell next made a demand of his own insurer, Victoria, to pay his loss of consortium claim out of his policy's uninsured motorist coverage. Like the Allstate policy, the Campbells' Victoria policy provided coverage in the amount of $12,500 per person and $25,000 per occurrence.
The Campbells' Victoria policy classified loss of consortium claims as "derivative," and it provided the following with respect to uninsured/underinsured motorist coverage:
 The limit of liability shown in the DECLARATION PAGE applies as follows:
 1. The limit for "each person" is the maximum amount WE will pay for damages for BODILY INJURY to one person in one ACCIDENT, including all resulting DERIVATIVE DAMAGES. Without limiting the generality of the foregoing, all claims resulting from or arising out of any one person's BODILY INJURY, including death, shall collectively be subject to the limit of the policy applicable to BODILY INJURY, including death, sustained by one person, and for the purpose of such POLICY LIMIT shall constitute a single claim. Any such POLICY LIMIT shall be enforceable regardless of the number of INSUREDS, claims made, CARS or premiums shown in the DECLARATION PAGE or policy, or CARS involved in the ACCIDENT.
 2. The limit for "each ACCIDENT" is the maximum amount WE will pay for damages for BODILY INJURY and DERIVATIVE DAMAGES resulting from one ACCIDENT, but WE will not pay more than the "each person" limit for BODILY INJURY to any one person and all resulting DERIVATIVE DAMAGES.
 3. There will be no combining or stacking of the limit(s) of liability shown on the DECLARATION PAGE and these limit(s) are the maximum amount available for all damages for BODILY INJURY and resulting DERIVATIVE DAMAGES from any one ACCIDENT regardless of the number of:
a) INSUREDS or INSURED CARS,
b) claims made or lawsuits filed,
c) separate premiums charged for different INSURED CARS, or
d) INSURED CARS involved in the ACCIDENT.
4. Any amounts payable will be reduced by:
 a) a payment made by the owner or operator of the UNINSURED/UNDERINSURED CAR or organization which may be legally liable,
 b) a payment for the same element of LOSS made under any other coverages of this policy,
 c) a payment made or amount payable because of the BODILY INJURY under any disability benefits law or similar law.
Victoria declined to provide coverage for Sean Campbell's loss of consortium claim. It took the position that the claim was merged with Kara Campbell's because it arose from her bodily injury, and that Allstate's payment of Kara Campbell's bodily injury claim reduced the coverage otherwise available to Sean Campbell to compensate his loss of consortium claim.
Sean and Kara Campbell commenced this declaratory judgment action, asking the court to determine what additional coverage, if any, is available under both the Allstate and Victoria policies. Allstate and Victoria denied that any additional coverage was available, for the reasons stated above, and moved for summary judgments. The trial court granted both motions. Sean Campbell appealed. Victoria has cross-appealed.
VICTORIA'S CROSS-ASSIGNMENT OF ERROR
 SEAN CAMPBELL'S CLAIM FOR LOSS OF CONSORTIUM HAS NOT BEEN APPEALED AND SHOULD NOT BE REVIEWED BY THE COURT.
The only jurisdictional requirement for a valid appeal is the timely filing of a notice of appeal. Defects in the form or content of a timely notice do not affect the court's jurisdiction to determine the error presented. However, the court is invested with discretion to dismiss an appeal because of such a defect. The court abuses its discretion if it dismisses the appeal absent a demonstration that an adverse party was prejudiced by the defect. Transamerica Insurance Co. v. Nolan (1995), 72 Ohio St.3d 320.
App.R. 3(D) states that the notice of appeal "shall specify the party or parties taking the appeal." Sean Campbell was not thus specified in the notice that was filed. However, he is the spouse of Kara Campbell, who was identified, and together they had brought this action below to determine insurance coverage available for their respective claims for relief. Sean's claim is derivative of Kara's, as Victoria contends. Further, both claims for relief were determined by the judgment from which the appeal was taken.
There can be little excuse for failing to observe the requirements of App.R. 3 that govern the form and content of a notice of appeal. However, neglect is not the test that is applied in deciding whether to exercise our discretion to dismiss a timely appeal for that reason. The test is whether the adverse parties were prejudiced in defending the judgment from which the appeal was taken. Both Allstate and Victoria addressed the error that Sean has prosecuted on appeal in the appellate briefs that they filed. We cannot find that they were prejudiced by his failure to identify himself in the notice as a party taking the appeal. We exercise our discretion to allow Sean's appeal.
Victoria's cross-assignment of error is overruled.
SEAN CAMPBELL'S ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN GRANTING TO DEFENDANTS SUMMARY JUDGMENT, SINCE AS A MATTER OF LAW, PLAINTIFFS ARE ENTITLED TO THE RELIEF REQUESTED IN THEIR MOTION FOR DECLARATORY JUDGMENT, TO-WIT; THE RIGHT TO PURSUE A SEPARATE CLAIM FOR CONSORTIUM AND COMPENSATION FOR MEDICAL PAYMENTS WHICH PLAINTIFFS ARE ENTITLED TO UNDER THEIR POLICY.
The error which the Campbells have assigned concern two potential coverages under their Victoria's policy.
The Victoria policy provides coverage for medical expenses incurred by an insured to the limit of $1,000 per person per accident. Victoria did not pay this amount to Kara Campbell, who alleges that it is due to her for medical expenses she incurred for the bodily injuries she suffered. Victoria did not admit or deny the claim in the answer that it filed.
Kara Campbell's claim for medical payments was not addressed in Victoria's motion for summary judgment and it was not determined by the trial court in the summary judgment that it granted. Ordinarily, and absent a Civ.R. 54(B) determination, that would render an order from which an appeal was taken a non-final order. In this instance, it appears to have been an oversight on the trial court's part. Further, Victoria indicated at oral argument that it intended to pay the claim. If it does not, Kara Campbell may renew her request for it in the trial court.
The other coverage concerned in the Campbells' claims against Victoria is the policy's uninsured motorist coverage against which Sean Campbell's claim for loss of consortium was made. The trial court agreed with Victoria that Sean Campbell's claim is merged with his wife's bodily injury claim from which it derives pursuant to the policy provisions quoted above, which are consistent with R.C 3937.18(H) and R.C. 3937.44.
R.C. 3937.18(H) and R.C. 3937.44 are substantially identical provisions that were enacted in 1994 in Am.Sub.S.B.20. Each became effective on October 24, 1994. They provide, in relevant part, that any policy of liability insurance, including uninsured and underinsured motorist coverage,
 "may . . . include terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles, or premiums shown in the declarations or policy, or vehicles involved in the accident."
AmSub.S.B.20 was enacted in prompt and direct response toSavoie v. Grange Mutual Ins. Co. (1993), 67 Ohio St.3d 500.Savoie involved multiple claims for wrongful death, which necessarily arose from one bodily injury. The court held that because each claim is separate and distinct, each claimant may collect from the tortfeasor's policy up to its per person limit, subject to any per accident limit. R.C. 3937.18(H) consolidated those multiple claims to but one claim with respect to uninsured/underinsured motorist coverage.
Sean Campbell argues that the trial court's decision granting the motion for summary judgment that Victoria filed is contrary to the holding in Schaefer v. Allstate Insurance Co. (1996), 76 Ohio St.3d 553.Schaefer involved a loss of consortium claim that the uninsured/underinsured motorist provisions of an automobile liability insurance policy likewise merged with the bodily injury claim from which the loss of consortium derived, a bodily injury claim which was itself subject to uninsured/underinsured motorist coverage. After it had paid the per person limit to a wife for her bodily injuries, the insurer declined to pay the husband on his claim for a loss of consortium that arose from his wife's bodily injury. Concluding that this was contrary to the remedial provisions of uninsured/underinsured motorist coverage for which R.C. 3937.18(A) provides, the court held:
 Each person who is covered by an uninsured motorist policy and who is asserting a claim for loss of consortium has a separate claim subject to a separate per person policy limit. A provision in an insurance policy which reaches a contrary result is unenforceable. (Tomlinson v. Skolnik [1989], 44 Ohio St.3d 11, 540 N.E.2d 716, and Dues v. Hodge
[1988], 36 Ohio St.3d 46, 521 N.E.2d 789, paragraph two of the syllabus, overruled.)
Id., Syllabus by the Court.
The claim in Schaefer accrued in 1985, long before R.C.3937.18(H), which specifically applies to uninsured/underinsured motorist coverage, became effective. Therefore, R.C. 3937.18(H) had no application to the decision in Schaefer. Had that section been in effect when the claim accrued and the policy providing the coverage went into effect, R.C. 3937.18(H) would have required merger of the consortium claim in Schaefer with the bodily injury claim for purposes of coverage. Schaefer, supra, Hildebrandt, J., dissenting. That view with respect to loss of consortium claims has been followed recently by two other appellate districts. See,Lyles, v. Glover (March 27, 2000), Allen App. No. 1-99-104, unreported; Greiner v. Timm and Motorist Mutual Insurance Company
(March 28, 2000), Franklin App. No. 99AP-618, unreported.
R.C. 3937.18(H) became effective on October 20, 1994. Kara Campbell's accident occurred on March 1, 1997. The declarations page of the policy that Victoria issued to the Campbells which provides their uninsured/underinsured motorist coverage states that the policy period commenced on January 19, 1997. Therefore, as R.C. 3937.18(H) became effective prior to both the effective date of the policy and the date the claim accrued, that section permits the merger of Sean Campbell's loss of consortium claim into Kara Campbell's bodily injury, which the Victoria policy expressly provides.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
 _____________________ GRADY, P.J.
BROGAN, J. and YOUNG, J., concur.